In this suit, plaintiff seeks of defendant, Kivett Reel, Inc., and its insurer, the Columbia Casualty Company, judgment in the amount of $20,000 for damage on account of personal injuries, medical expenses, loss of time, etc., allegedly sustained by him as a result of a collision on June 24, 1944, in the City of Bogalusa, between the truck of plaintiff driven by him, and a gravel truck belonging to defendant Kivett 
Reel, Inc., driven by a minor, 15 years of age, acting in the scope of his employment by defendant.
In his petition, plaintiff sets out the manner in which the accident happened, charges the defendant's driver with negligence which was the sole cause of the accident, and alleges that there was no negligence on his part. He alleges that immediately after the accident defendants acknowledged the negligence of the driver and paid him the sum of $275 for the damage done to his truck. He alleges that he, at that time, did not make a claim for personal injuries and the defendants did not settle with him for the personal injuries received by him in the accident; he alleges further that three days after the payment of damages to his truck he became aware of the injuries received by him in the accident.
The defendants filed exceptions, in the alternative, of (1) res adjudicata, (2) of estoppel, (3) of no right of action, and (4) of no cause of action.
Testimony was taken on the exceptions. After hearing, there was judgment in defendant's favor sustaining the exceptions of res adjudicata and of estoppel, and dismissing plaintiff's suit. Plaintiff has appealed.
Briefly, the evidence introduced on the trial of the exceptions shows that about two hours after the accident plaintiff consulted a reputable attorney in Bogalusa. This attorney contacted the attorney representing the defendants. Plaintiff made claim for the damages to his truck and furnished to his attorney two estimates, *Page 125 
one for $252.39 and the other one for $270, which estimates were, in turn, conveyed to defendant's attorney. Plaintiff admits that at the time he submitted these estimates, he knew that he had been hurt in the accident, but did not know the seriousness thereof. After a few telephone calls between the two attorneys and the furnishing of the estimates, the attorney for defendants, on June 27, 1944, issued a draft payable to the order of plaintiff for the sum of Two Hundred Seventy-five and No/100 ($275) Dollars. On the face of the draft, in legible typed letters, are the following: "For all damages done person and property of Curtis Thompson by truck of Kivett Reed, Inc., on 6-20-44. 39 CUC 7775, Kivett Reed * * * Thompson." On the reverse side of the draft appears the following: "Endorsement of this draft constitutes a release in full for account as stated herein," and under the word "Endorsements," appears the signature of plaintiff. Plaintiff admits that this is his endorsement and that he received the amount as called for on the face of the draft.
It is the contention of defendant that under these facts, the acceptance of the draft and the receiving of the amount stated in the draft, were a compromise settlement of all claims of the plaintiff arising out of the accident and that such settlement has the sanctity and force equal to the authority of things adjudged under Civil Code, Article 3071 and 3078, while plaintiff contends that before there can be a compromise settlement there must be dispute between the parties, and in this case, the matter of personal injuries received by the plaintiff was not at issue.
[1, 2] The plaintiff, in seeking to show that he had not made a demand for personal injuries regardless of the fact that he admitted that he knew that he had been injured, the extent of which he did not know, and that he had so informed his attorney, was timely met with an objection to parol evidence to contradict the written declaration on the face of the draft, and which objection was sustained by the lower court. He complains of the ruling of the court. The ruling of the lower court is correct. It is the law of this State that, in the absence of an allegation of fraud or error, parol evidence is inadmissible against or beyond what is mentioned in a written document or as to what may have been said before, or at the time of making it. Nowhere in his petition does the plaintiff charge fraud or error in the issuance of the draft, in his receiving of the draft and of his cashing the same. The notation on the face of the draft was very legible and in bold type. He admits that he can read and write. His only excuse for not reading the draft and noting the notation thereon is that he was "no lawyer." He is charged with having read that which he could have easily read. There is some conflict in the evidence as to whether his attorney informed him of the contents and force of the draft, his attorney testifying that he had forewarned the plaintiff of what the draft would contain, such as "it would have everything and its grandmother on it, and that would be it." In other words, regardless of the fact that plaintiff's attorney did not deliver the draft to plaintiff and fully explain the force and effect of the draft, plaintiff was informed of the contents of the draft prior to its receipt, which contents were clearly legible. In fact, plaintiff does not charge any error in the receipt and cashing of the draft by him.
[3] The contract of compromise need only be in writing. The form is not sacramental. Such a contract has the full force and effect of a thing adjudged. In our case, the plaintiff cannot go beyond his acceptance and cashing of the draft issued in full settlement of all his damage, personal and property, arising out of the collision between his truck and that of defendant.
[4, 5] Furthermore, according to plaintiff's petition, he admits that he received from the defendants the sum of $275 for "the damage to his truck as the result of the accident." There was but one accident and plaintiff had but one cause of action for his personal injuries and property damage. The rule of law applying to such a situation is succinctly stated in American Jurisprudence, Vol. 1, page 494, Section 114, viz.:
"It sometimes happens that a single wrongful or negligent act causes damage in respect of both the person and property of the same individual, as, for instance, where the owner of a vehicle is injured in a collision which also damages the vehicle. In such a case, the question arises as to whether there are two causes of action or only one, and the authorities are in conflict concerning it. The majority rule is that only one cause of action arises, the reason of the rule being that as the defendant's *Page 126 
wrongful act is single, the cause of action must be single, and that the different injuries occasioned by it are merely items of damage proceeding from the same wrong."
Louisiana jurisprudence is in accord with the majority rule. See Hanton et al. v. New Orleans C. R. Light Power Co.,124 La. 562, 50 So. 544, 548; Reed v. Warren, 172 La. 1082,136 So. 59; Norton et al. v. Crescent City Ice Mfg. Co., Inc.,178 La. 135, 150 So. 855; Riggin et al. v. Watson-Aven Ice Cream Co., Inc., et al., 192 La. 469, 188 So. 144. Thus, even if the draft be not a compromise, applying the above rule of law in Louisiana, we are of the opinion that plaintiff could not split his cause of action into two parts, receive settlement on one part and later on file suit on the other part. By the acceptance of the draft and receiving the proceeds, he destroyed his cause of action for any future claims arising out of the same accident.
For these reasons, the judgment appealed from is affirmed.