68 So.2d 133 (1953)
FORTENBERRY
v.
CLAY et al.
No. 3739.
Court of Appeal of Louisiana, First Circuit.
November 13, 1953.
*134 Nealon Stracener, Baton Rouge, for appellant.
Breazeale, Sachse & Wilson, Baton Rouge, for appellees.
LOTTINGER, Judge.
This is a suit for personal injuries sustained by petitioner, Cloy E. Fortenberry, in an automobile accident. The defendants are Otis Clay and his insurer, Fidelity-Phoenix Fire Insurance Company. The defendants filed an exception of no right of action, which exceptions were sustained by the lower court and, accordingly petitioner's suit was dismissed. The petitioner has appealed from the said judgment below.
On January 9, 1953, Cloy E. Fortenberry filed suit before the District Court of the Parish of East Baton Rouge, to recover damages to his truck, in the sum of $274.67. Said suit was entitled "Cloy E. Fortenberry v. Otis Clay and Fidelity-Phoenix Fire Insurance Company", Number 44,230, on the docket of said court. The said suit was fixed for trial on March 27, 1953.
Prior to the date of trial, as stated above, the petitioner filed another suit in the same court for personal injuries resulting from the same automobile accident. This second suit, which is the one before us now, was entitled "Cloy E. Fortenberry v. Otis Clay and Fidelity-Phoenix Fire Insurance Company" and was numbered 45,025 on the docket of said court. The demand in the second suit was for the sum of $5,000.
Trial of the first suit was completed on March 31, 1953, at which time judgment was awarded to petitioner for the full amount of his demand, including interest and costs. Said judgment was signed on April 2, 1953. The first judgment was paid by defendants on April 10, 1953, at which time Mr. Fortenberry executed a release in defendants' favor. The said release is worded as follows:
"Before me the undersigned authority personally came and appeared: Cloy E. Fortenberry, who acknowledged that he has this day been paid by Fidelity-Phoenix Fire Insurance Company of New York the sum of Two Hundred Seventy-Eight and 12/100 ($278.12) Dollars which he has accepted in full settlement and satisfaction of the judgment rendered in suit entitled `Cloy E. Fortenberry vs. Otis Clay and Fidelity-Phoenix Fire Insurance Company of New York', Number 44,230 on the docket of the 19th Judicial District Court, which judgment was rendered on March 31st and signed on April 2, 1953 by Judge Jesse Johnson.
"Appearer further declared that accordingly, in consideration of said payment, he has given and does hereby give unto the Fidelity-Phoenix Fire Insurance Company of New York and Otis Clay full release and discharge from any further claims that he may have under said judgment, as well as any other claims for property damage to my truck as asserted by me against either Fidelity-Phoenix Fire Insurance Company or Otis Clay in that said law suit.

*135 "Appearer further declared that this release shall in no way affect his claim for injuries, inconvenience, etc., which are asserted against Otis Clay and said Fidelity-Phoenix Fire Insurance Company in a second suit now pending in the 19th Judicial District Court. The release herein granted being specifically confined to the claims for property damage to my truck, as asserted in suit number 44,230."
The said release was signed by Cloy E. Fortenberry, the petitioner, however, the copy of said release filed of record does not show that it was executed before a Notary Public. The important factor, however, is that the said release was executed only by petitioner and was not executed by the defendants.
On April 13, 1953, the defendants filed exceptions of no cause or right of action and vagueness. The exception of no right of action was sustained by the lower court and the suit was, therefore, dismissed. The petitioner has taken this appeal.
The exception of no right of action is grounded upon the fact that only one cause of action arises out of, or is created by, a single tort and that, as the petitioner in suit No. 44,230 did not include therein his claim for personal injuries, and did not thereafter amend his petition to include said claim, he cannot now maintain another suit between the same parties and arising out of the same tort. In support of their contention, defendants cite the holdings in Norton v. Crescent City Ice Manufacturing Company, 178 La. 135, 150 So. 855; Hope v. Madison, 194 La. 337, 193 So. 666; and Thompson v. Kivett & Reel, Inc., La.App., 25 So.2d 124.
The petitioner, on the other hand, in answer to the exception, claims that the judgment rendered in the suit No. 44,230 was not final at the time there was a settlement thereof and the release executed, the same being subject to appeal. He further contends that the last paragraph of the release constituted a waiver of the legal rights of defendant insofar as the second suit was concerned.
The release could not constitute a waiver of the rights which defendant now seeks to assert by his exception of no right of action. The release was a unilateral document executed only by the petitioner. To hold that same had any effect on the rights of defendant, who was not a party thereto, would be absurd under the laws of our sovereign.
As was stated by the lower court:
"In order to have protected his claim for personal injuries after he had failed to demand damages therefor in his first suit, he should have either amended his petition or dismissed his suit as of non-suit and filed another suit including both claims.
"In American Jurisprudence, Vol. 1, p. 494, Section 4, we find the following:
"`It sometimes happens that a single wrongful or negligent act causes damage in respect of both the person and property of the same individual as, for instance, where the owner of a vehicle is injured in a collision which also damages the vehicle. In such a case, the question arises as to whether there are two causes of action or only one, and the authorities are in conflict concerning it. The majority rule is that only one cause of action arises, the reason of the rule being that as the defendant's wrongful act is single, the cause of action must be single, and that the different injuries occasioned by it are merely items of damages proceeding from the same wrong.'
"Louisiana jurisprudence is in accord with the majority rule."
We agree with the decision quoted above. Should the laws of our state hold otherwise, there would be an undetermined number of suits between the same parties arising out of one wrongful action.
For the reasons assigned, the judgment of the lower court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.