SAMUEL, Judge.
This is a suit on an open account. The petition alleges sale to defendant of certain merchandise with a balance of $234.83 due and owing the-reon, remits $210.00 to the defendant and prays for judgment in the amount of $24.83 and for a writ of sequestration. On April 7 (all dates which appear herein are in the year 1961), after service of citation and writ, plaintiff filed a supplemental petition in which it alleged that the remittitur and prayer for judgment for $24.83 had been made through inadvertence and clerical error. This second petition eliminated the remittitur and prayed for judgment in the full amount of $234.83. Service of citation and the supplemental petition was made on May 29. On June 2 defendant filed a motion and order for a bond for costs which bond was furnished by plaintiff on June 7. The statutory delays having elapsed, and no further pleadings having been filed by defendant, a default judgment in the full amount of $234.83, subject to a credit of $48.00 “carrying charges”, was taken by plaintiff and rendered on June 27.
A rule to show cause why a new trial should not be granted was taken by defendant on the following day, June 28, and heard on June 30. The motion was denied and on July 3 the court signed the judgment it had previously rendered. Defendant has appealed therefrom.
Defendant’s motion for a new trial alleges that on Friday, June 27, defendant presented an answer (in the form of a general denial together with a plea of a discharge in bankruptcy) to the court with a motion and order, which order he requested the court to sign, for leave to file his answer and other pleadings in forma pau-peris; that the court required the defendant to be present in person in order to properly ascertain his inability to pay costs; and that defendant was unable to' meet this requirement on Monday or Tuesday, June 26 and 27, because on those days his counsel was busy trying a case before the district court in Gretna.
No evidence was presented by either side at the hearing on the motion for a new trial; the matter was only argued by both counsel. At that time defendant additionally contended, also only in argument and without the presentation of any evidence, that on April 4 he had paid to the constable who served the original notice and writ the amount demanded therein, i. e., the sum of $24.83, plus costs.
In argument and in brief before this court defendant states that after the trial. court had denied his motion for a new trial he requested permission to complete the .record by offering evidence of the facts upon which he relied and that this request was refused.
*568 Defendant now seeks a reduction of the principal amount of the judgment to $24.83 or, alternatively, a new trial.
He is not entitled to a reduction of the judgment to $24.83. An obligee who brings an action to enforce only a portion of the obligation does not lose his right to enforce the remaining portion if, as was done here, he amends his pleadings to demand the enforcement of the full obligation. LSA-C.C.P. Art. 425. A payment by the defendant to the seizing constable of the $24.83 called for by the writ of sequestration only had the effect of stopping that particular writ.
Nor is defendant entitled to a new trial. He has not alleged in his motion, nor does he now urge, any of the peremptory grounds for a new trial enumerated in Article 1973 of the LSA-Code of Civil Procedure. He relies only on the discretionary grounds for a new trial under Article 1973 of that Code, which provides :
“Discretionary grounds
“A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.” LSA-C.C.P. Art. 1973.
Under Article 1973 the granting or refusing of a new trial is within the sound discretion of the trial court and will not be set aside on appeal unless there was a clear or manifest abuse of that discretion. Hamilton v. Cortinas, La.App., 110 So.2d 200; DeFrances v. Gauthier, 220 La. 145, 55 So.2d 896. We find no such abuse of discretion in the instant case.
There is no proof properly before this court that the defendant paid the seizing constable the sum of $24.83 and costs as he contends, but it does appear that such payment probably was made. Accordingly, we will remand this case solely for the purpose of having such payment, if actually made, credited to the judgment appealed from and to the costs attached thereto.
For the reasons assigned, the case is remanded to the trial court for the sole purpose of determining whether payment of the aforesaid $24.83 and costs was actually made by the defendant to the seizing constable and, if so, of crediting such amount to the judgment appealed from and costs thereof. In all other respects the judgment appealed from is affirmed; costs to be paid by defendant.
Affirmed in part; remanded in part.