Archie McCONNELL

v.

The TRAVELERS INDEMNITY COMPANY and Employers Casualty Company of Dallas.

Civ. A. No. 10366, Division "C".

United States District Court
E. D. Louisiana,
New Orleans Division.

Oct. 29, 1963.

N. A. Danna, Jr., Joseph J. Laura, Jr., Laura, Danna & Simmons, New Orleans, La., for plaintiff.

Pat W. Browne, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for The Travelers Indemnity Co.

Leonard B. Levy, Michael Osborne, Dufour, Levy, Marx & Lucas, New Orleans, La., for Employers Cas. Co. of Dallas.

WEST, District Judge.

On August 23, 1960, petitioner, Archie McConnell, and his wife, Mrs. Miriam Primo McConnell, joined as plaintiffs and filed suit in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, for damages allegedly sustained by them in an automobile accident in which they were involved on June 16, 1960. In that suit, Mrs. McConnell appeared individually as a plaintiff, demanding the sum of $8,500 for personal injuries allegedly sustained by her, and her husband, Archie McConnell, petitioner herein, appeared as a plaintiff demanding individually the sum of $362.50 as damages allegedly sustained by him as the result of medical expenses paid or incurred by him in connection with his wife's injuries. That suit was brought pursuant to Louisiana's Direct Action Statute, LSA–R.S. 22:655, directly against The Travelers Indemnity Company and Employers Casualty Company of Dallas, the insurers of the motor vehicle in which Mr. and Mrs. McConnell were riding as guest passengers at the time of the accident in question. Petitioner, Archie McConnell, made no claim for his personal injuries in that suit but confined his demand to one for damages resulting

from payment by him of medical bills in connection with his wife's injuries. Under Louisiana law he was legally liable for the medical bills incurred by his wife, and he alone had the right to sue for these medical expenses. Such expenses cannot be claimed by the wife, but must be claimed by the husband as head and master of the community of acquets and gains existing between them.

[redacted] On August 30, 1960, petitioner, Archie McConnell, filed the present suit in this Court, against the same two defendants, demanding the sum of $85,000 for his personal injuries, and the sum of $352.75 for medical expenses allegedly resulting from his personal injuries, all of said alleged damages arising out of the same automobile accident of June 16, 1960. The State Court suit referred to was tried on two different days, February 9, 1962, and May 24, 1963 (the reason for the long delay not being apparent from the record), and then taken under submission by the Judge of the State Court. On June 24, 1963, respondents herein filed a motion for summary judgment based upon the contention that petitioner is precluded, under Article 425 of the LSA–Code of Civil Procedure, from splitting a cause of action, and that hence, when he sued in the State Court for the $362.50 damages allegedly sustained by him as a result of this accident, he was obliged to either amend his complaint therein to include his claim for personal injuries, or to forfeit his right to later claim these damages in another suit. This motion was later argued and taken under submission by this Court, and in the meantime, petitioner, on July 25, 1963, filed a motion in the State Court suit, which was still pending, under submission, to dismiss his individual claim for $362.50, and on the same day, obtained an order of that Court dismissing his suit, *with prejudice*, and at his cost. Thereafter, on July 31, 1963, this Court denied respondents' motion for summary judgment, whereupon, on September 10, 1963, respondents filed a renewed motion for summary judgment which is now before this Court. Respondents contend that when petitioner filed his State Court suit, and thus split his cause of action, he was precluded from thereafter bringing this separate suit for personal injuries. They contend that the only way in which petitioner could have pursued his claim for personal injuries was by amendment to his original State Court action, and that now, since he has dismissed his State Court action, *with prejudice*, that order of dismissal has the force and effect of a final judgment on his entire claim, and is thus res judicata to this present action.

Article 425 of the LSA–Code of Civil Procedure provides:

> "An obligee cannot divide an obligation due him for the purpose of bringing separate actions on different portions thereof. If he brings an action to enforce only a portion of the obligation, and does not amend his pleading to demand the enforcement of the full obligation, he shall lose his right to enforce the remaining portion."

[redacted] It has been consistently held by the Courts of Louisiana that where a claimant's damages, even though composed of several elements, result from one tortious act, the claimant must sue for all elements of his damage in one suit. If he fails to include any element of damage in that suit, or fails to amend to include it, under Article 425 of the LSA–Code of Civil Procedure, he loses his right to enforce the remaining portion of his claim.

In Norton, et al. v. Crescent City Ice Mfg. Co., Inc., 178 La. 135, 150 So. 855, William Norton died, leaving six children. They sued for damages sustained by their father before his death, but in that suit, did not include their own personal claims for the loss of their father. The question presented to the Court was whether or not they could then, later, sue in another suit for their individual damages caused by the loss of their father. The Court held that the plaintiffs were barred from pursuing this claim as it was an improper splitting of their cause

of action. In the course of the opinion the Court said:

"* * * the defendant in the suit has the right to require that all parties having the right of action shall be made parties to a single suit. * * * defendant should not thereby be subjected to the annoyance and expense of defending numerous law suits, all founded upon the same cause of action and dependent upon the same relevant facts and the same defenses, since the damages are claimed for one tort * * *."

The Court further said:

"The general rule governing the question is stated in Corpus Juris, volume 1, at page 1116, as follows, viz.: 'The rule against splitting causes of action applies to causes of action arising ex delicto, the rule being that a single wrong gives rise to but one cause of action for which only one action can be maintained, however numerous the elements or items of damages resulting therefrom may be, and the rule cannot be evaded by varying the form of action in the different actions sought to be maintained in the same cause.' "

Again, in Thompson v. Kivett & Reel, 25 So.2d 124 (La.App.) the plaintiff received personal injuries and automobile damage as a result of an automobile accident. The defendant, apparently admitting liability, gave the plaintiff a draft for $275 in payment of "all damages done to person or property". Plaintiff accepted this draft, but then sued for personal injuries contending that the $275 received was only in payment of the property damage. The Court in that instance said that even if it were clearly established that the payment was only for property damage, nevertheless, the plaintiff could not later sue for his personal injuries.

"The rule of law applying to such a situation is succinctly stated in American Jurisprudence, Vol. 1, page 494, Section 114, viz.: 'It

sometimes happens that a single wrongful or negligent act causes damage in respect of both the person and property of the same individual,. as, for instance, where the owner of a vehicle is injured in a collision which also damages the vehicle. In such a case, the question arises as to whether there are two causes of action or only one, and the authorities are in conflict concerning it. The majority rule is that only one cause of action arises, the reason of the rule being that as the defendant's wrongful act is single, the cause of action must be single, and that the different injuries occasioned by it are merely items of damage proceeding from the same wrong.' Louisiana jurisprudence is in accord with the majority rule (citing cases). Thus, even if the draft be not a compromise, applying the above rule of law in Louisiana, we are of the opinion that plaintiff could not split his cause of action into two parts, receive settlement on one part and later on file suit on the other part. By the acceptance of the draft and receiving the proceeds, he destroyed his cause of action for any future claims arising out of the same accident." Thompson v. Kivett & Reel, supra.

Another case which is particularly in point is the case of Fortenberry v. Clay, 68 So.2d 133 (La.App.). In this case the plaintiff suffered personal injuries and automobile damages in the same automobile accident. He filed a suit for $278.12, representing what he claimed to be the damages to his automobile, and then, before trial, he filed another suit in the same Court for $5,000 for personal injuries allegedly sustained in the same accident. The property damage suit was tried, and the plaintiff was awarded judgment for the amount of his damages. The defendant paid the judgment and the plaintiff executed a release in which he specifically reserved all rights in the personal injury suit which he had filed. This release was an ex parte

release signed only by the plaintiff. Following the execution of this release, the defendant filed an exception of no right and no cause of action in the personal injury suit pending. The Court sustained the defendant's position and dismissed plaintiff's suit. In the course of its opinion, the Court stated:

"In order to have protected his claim for personal injuries after he had failed to demand damages therefor in his first suit, he should have either amended his petition or dismissed his suit *as of non-suit* and filed another suit including both claims." (Emphasis added). See also Conrad v. Citizens Casualty Co. of New York, D.C., 141 F.Supp. 166.

Petitioner argues that this rule of law is merely procedural, and thus not binding on the Federal Courts. The Court cannot agree with this contention. A reading of Article 425 of the LSA–Code of Civil Procedure clearly shows that under state law, if the claimant does not exert his claim to his entire right, including all elements of damage resulting from his single cause of action, he "shall lose his *right* to enforce the remaining portion". Consequently, even though this particular article is contained in the Louisiana Code of Civil Procedure, nevertheless, its operation vitally affects the substantive right of the party to enforce his claim. Thus, if he does not enforce his entire right pursuant to that article, then he has no further right of action in the State Court. It naturally follows, of course, that in a diversity case such as this, if he has no right which he could enforce in the State Court, then, of course, he has no right which can be enforced in the Federal Court. His very right of action has thus been eliminated by failure to comply with the provisions of this article. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079; Bernhardt v. Polygraphic Co. of America, 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199.

It is next argued by petitioner that Mr. McConnell was suing in two different capacities, and that thus he did not split his cause of action. In other words, it is argued that the claim for the medical expenses in the State Court was a claim by Mr. McConnell as head and master of the community of acquets and gains existing between him and his wife, and that his claim in the Federal Court for personal injuries was a claim personal to him, and thus not a part of the same cause of action which he attempted to enforce in the State Court. This contention is without merit. Article 2334 of the Louisiana Civil Code (1870), LSA–C.C. art. 2334 provides in essence that an action for damages resulting from offenses and quasi offenses suffered by the husband while married and living with his wife is community property.

Thus, his claim for personal injuries falls into the same category as his claim for special damages such as medical expenses. There is no difference in the character or nature of his claim for medical expenses than in a claim which he might have had for automobile damage. It seems obvious that if he cannot split a claim for personal injuries and automobile damage, he may not split a claim for personal injuries and medical expenses. Thompson v. Kivett & Reel, supra; Fortenberry v. Clay, supra.

As a last resort, plaintiff attempted to overcome his difficulty by dismissing his claim for medical expenses in the State Court, leaving him with only his single claim for personal injuries pending in this Court. However, the manner in which this claim in the State Court was dismissed very effectively locked the door against him insofar as further proceedings in this Court is concerned. Instead of dismissing his State Court suit *as of non-suit*, he specifically dismissed his suit *with prejudice*. Article 1673 of the LSA–Code of Civil Procedure provides:

"A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal aft-

er trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action."

Thus, upon obtaining a judgment of dismissal of the State Court suit with prejudice, the judgment of dismissal became a final, absolute judgment having the same effect as though it had been rendered after trial on the merits. Thus, plaintiff's claim against these defendants was also terminated. After this judgment of dismissal was rendered, petitioner could not have brought this separate suit for personal injuries in the State Court, and thus, he is precluded from bringing it here. For these reasons, defendant's motion for summary judgment must be granted. Judgment will be entered accordingly.