Archie McCONNELL, Appellant,

v.

The TRAVELERS INDEMNITY COMPANY

and

Employers Casualty Company of Dallas, Appellees.

No. 21373.

United States Court of Appeals Fifth Circuit.

May 24, 1965.

220

Joseph J. Laura, Jr., Laura, Danna & Simmons, New Orleans, La., for appellant.

Leonard B. Levy, Michael Osborne, Dufour, Levy, Marx & Lucas, New Orleans, La., for defendant-appellee Employers Cas. Co. of Dallas.

Patrick W. Browne, Jr., and Ignatz G. Kiefer of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for defendant-appellee Travelers Indemnity Co.

Before WISDOM and GEWIN, Circuit Judges, and BOOTLE, District Judge.

WISDOM, Circuit Judge.

This hard case involving, for the plaintiff, disastrous effects from splitting his cause of action, is an invitation to make bad law. We decline the invitation.

Mr. and Mrs. Archie McConnell, Louisiana residents, were both injured in an automobile accident. Under Louisiana community property law, the wife's claim for personal injuries is her separate property; the husband's claim for personal injuries belongs to the community. Claims for medical expenses for either spouse also belong to the community. LSA–Civil Code, Articles 2334 and 2402. As head and master of the community, only the husband may sue on claims belonging to the community. LSA–Code of Civil Procedure, Article 686. See Kimball, The Juridical Nature of the Marital Community, 25 La.L.Rev. 721 (1965).

In August 1960 Mrs. McConnell brought suit against the Travelers Indemnity Company and Employers Casualty Company [1] in the 24th Judicial District

---

1. In the Louisiana courts Mrs. McConnell lost her suit against the insurance companies for lack of coverage.

Court for the Parish of Jefferson, State of Louisiana, to recover damages of $8500 for personal injuries.[2] Her husband joined in the suit seeking recovery of $362.50 he had paid for medical expenses for treatment of Mrs. McConnell's injuries. A week later, Mr. McConnell filed the present suit in the district court to recover $85,000 for his personal injuries and $352.75 for his medical expenses. The state court suit was submitted in May 1963. In June 1963 the defendants filed a motion in the district court for a summary judgment of dismissal based upon the contention that the plaintiff had split his cause of action by filing suit in the state court for medical expenses; that under Article 425 of the LSA–Code of Civil Procedure the plaintiff is precluded from splitting a cause of action. While this motion was under submission, the plaintiff moved in the state court to dismiss his suit *"with prejudice"*. That court therefore dismissed his claim for $362.50, with prejudice and at his cost. The district court then denied the motion for summary judgment in the instant case. The defendants then filed in the district court a renewed motion for summary judgment, contending that the plaintiff could have pursued his claim for personal injuries only by amending his petition in the state court; but that since that court had dismissed the action *with prejudice,* the dismissal was a final judgment of his entire claim, and was res judicata as to his action in the United States district court. The trial judge granted the motion and dismissed the complaint.

## I.

■ "Under Louisiana law, the splitting of tort claims is forbidden and the

effect of such a split is to waive the right to recover the excess." Comment, 30 Tul.L.Rev. 462, 469 (1956). See Norton et al. v. Crescent City Ice Mfg. Co., Inc., 178 La. 135, 150 So. 855; Sears, Roebuck & Co. v. Cannizzarro, La.App. 1962, 142 So.2d 566; Futch v. Fidelity & Casualty Co. of New York, La.App., 136 So.2d 724; Fortenberry v. Clay, La. App.1953, 68 So.2d 133; Hemperly v. George Sliman & Co., La.App.1937, 174 So. 673; Baird v. Thibodo, La.App.1941, 199 So. 585. Article 5 of the LSA–Code of Civil Procedure provides:

> "When a plaintiff reduces his claim on a single cause of action to bring it within the jurisdiction of a court and judgment is rendered thereon, he remits the portion of his claim for which he did not pray for judgment, and is precluded thereafter from demanding it judicially."

The Official Revision Comment on this article states: "This rule is based on the same principle of law as that which forbids the splitting of the cause of action. The rule governing the latter is set forth in Art. 425, infra. Article 425[3] provides:

> "Art. 425. Division of cause of action, effect
>
> "An obligee cannot divide an obligation due him for the purpose of bringing separate actions on different portions thereof. If he brings an action to enforce only a portion of the obligation, and does not amend his pleading to demand the enforcement of the full obligation, he shall lose his right to enforce the remaining portion."

**2.** The suits were brought under the Louisiana Direct Action Statute, LSA–R.S. 22:655.

**3.** The plaintiff contends that Article 156 and 91, par. 2 of the Louisiana Code of Practice governed at the time suit was filed. We need not decide this question. As the Official Revision Comment to Article 425 points out, "No change in the procedural law of Louisiana is intended". Article 156 provides: "If one demands less than is due him, and do not amend his petition, in order to augment his demand, he shall lose the overplus." Article 91, par. 2 provides: "But, if one, in order to give jurisdiction to a judge, demand a sum below that which is really due to him, he shall be presumed to have remitted the overplus, and after having obtained judgment for the sum he had claimed, he shall lose all right of action for that overplus."

## II.

The plaintiff contends that the question of splitting a cause of action is procedural and that the Federal Rules of Procedure apply. Rule 18 permits joinder of causes, but does not compel it. This contention overlooks the relation of res judicata to splitting a cause of action. As Professor Wright notes, "The doctrine of res judicata,[4] however, prevents 'splitting of a cause of action' and requires all grounds upon which a single claim is based to be asserted and concluded in one action, on pain of being barred from separate suit." Wright, Federal Courts § 78 at 297. Where "there is no federal matter involved it would seem that for purposes of res judicata the concept of cause of action is sufficiently substantive as to be within the rule of Erie R. Co. v. Tompkins [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188], and the applicable state rule must be followed." 2 Moore's Federal Practice ¶ 2.06, at 380. See Gentry v. Jett, 8 Cir. 1960, 273 F.2d 388, holding that a federal court must look to state law in applying the rule against splitting a cause of action. See also Angel v. Bullington, 1947, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832.

## III.

The LSA–Code of Civil Procedure and the Civil Code spell out clearly the effect of a dismissal "with prejudice". Under Article 1673 of the LSA–Code of Civil Procedure, the state court judgment dismissing with prejudice the claim of Archie McConnell has the same effect as a final judgment of absolute dismissal after trial. Article 1673 reads as follows:

"Art. 1673. Effect of dismissal with or without prejudice

"A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action.

"Source: Cf. C.P. Arts. 492, 536.

"[Cross Reference: Art. 1844.]"

The Official Revision Comment states:

"A judgment of dismissal with prejudice is not a definitive judgment, but merely a final judgment and subject to the rules governing such judgments. See Arts. 1841 and 1842 * * *."

We turn therefore to Article 1841 defining final and interlocutory judgments as follows:

"Judgments, interlocutory and final

"A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.

"A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.

"A judgment that determines the merits in whole or in part is a final judgment."

Thus, under Louisiana law, a final judgment is one which determines the merits

---

4. In Louisiana the doctrine of res judicata is much more restrictive than at common law. Durmeyer v. Streiffer, 1949, 215 La. 585, 41 So.2d 226. The rules of strict law apply to a plea of res judicata. Tucker v. New Orleans Laundries, Inc., 1959, 238 La. 207, 114 So.2d 866; Miguez v. Miguez, La.App.1961, 128 So.2d 804. Under Article 2286 of the LSA–Civil Code, res judicata applies only if there is an identity of parties, of object, and of "cause" in the civil law sense of "causa". In general only matters which were pleaded are res judicata, not matters which might have been pleaded. See generally Note, 17 La.L.Rev. 849 (1957); McMahon, "Civil Procedure", 16 La.L.Rev. 361, 366 ff. (1956); Comment, "Res Judicata—Matters Which Might Have Been Pleaded", 2 La.L.Rev. 491 (1940). Louisiana follows the rule of the French Civil Code. See 2 Planiol, Traite Elementaire de Droit Civil (tr. La.Law Inst.) No. 54A sec. 6. In case of doubt the Louisiana courts reject the plea of res judicata. See International Paper Co. v. Maddox, 5 Cir.1953, 203 F.2d 88.

of an action as opposed to a preliminary matter in the course of the action.

Article 1842 of the LSA–Code of Civil Procedure provides that a final judgment may become definitive:

"Art. 1842. Definitive judgment

"A final judgment is definitive when it has acquired the authority of the thing adjudged.

"Source: C.P. Art. 539 "

The Official Revision Comment states:

"The last paragraph of the source provision states that definitive judgments have the force of res judicata. However, no attempt has been made to define the term 'res judicata,' since the Civil Code definition is sufficient. See Civil Code Arts. 2286 and 3556(31). *The term 'thing adjudged' is employed in the above article to conform with the Civil Code terminology.*" (Emphasis supplied.)

Article 3556(31) of the LSA–Civil Code defines "thing adjudged":

"Thing Adjudged.—Thing adjudged is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the term fixed by law for appealing is elapsed, or because it has been confirmed on the appeal."

▮ Reading these articles together, we conclude that judgments dealing with the merits of a case are final, but become definitive only when the time for appeal has elapsed, or when no appeal may be taken, or when the judgment has been affirmed on appeal and no further appeal may be taken. A judgment is not res judicata until there can be no further appeal therefrom. Accordingly, the language of the comment to Article 1673, "[a] judgment of dismissal with prejudice is not a definitive judgment but merely a final judgment and subject to the rules governing such judgments", means that the judgment does not become definitive until the time for appeal has elapsed or until there is no further right of appeal.

▮ Here, the time for appeal from the judgment of dismissal with prejudice dated July 25, 1963, has long since elapsed, if such right of appeal existed. Ninety days is allowed for a devolutive appeal under LSA–Code of Civil Procedure, Article 2087. Moreover, under Code of Civil Procedure, Article 2085 "[a]n appeal cannot be taken by a party * * * who voluntarily and unconditionally acquiesces in a judgment rendered against him. * * * *" The state court judgment dismissing McConnell's suit with prejudice therefore is both final and definitive, and carries the force of res adjudicata with regard to the case before this Court.

### IV.

▮ Although there is no Louisiana case dealing specifically with the type of action-splitting this case presents, there is little doubt that a Louisiana court would hold that Mr. McConnell did indeed split his action. Louisiana courts hold that a plaintiff cannot split his claims for personal injuries and property damage arising from the same accident. Fortenberry v. Clay, La.App.1953, 68 So. 2d 133; Thompson v. Kivett & Reel, Inc., La.App.1946, 25 So.2d 124. In addition, in wrongful death cases courts forbid the survivor to split his damages and the decedent's damages. See Reed v. Warren, 1931, 172 La. 1082, 136 So. 59; Norton v. Crescent City Ice Mfg. Co., 1933, 178 La. 135, 150 So. 855.

We are aware that the result we reach produces an anomaly. The husband and wife may split their tort claims, but the husband's lawsuit must include any claim for the wife's medical expenses. In effect, therefore, the parties may twice litigate the issue of the wife's injuries. On the other hand, the plaintiff's theory of the case would also produce an anomaly. The purpose of the tort claims is compensation. Under Louisiana law the

community of acquets and gains suffers the injury. The plaintiff's theory would divide community damages among several potential lawsuits. It is the Louisiana community property system that causes the anomaly, not the rules of res judicata. This Court must apply the Louisiana law as the Court finds it.

The judgment is affirmed.