**Mrs. Francies MORRISON, Individually, and as Guardian of Glendon Morrison, et al., Plaintiffs-Appellants,**

v.

**NEW ORLEANS PUBLIC SERVICE INC., Defendant-Appellee.**

**No. 27413**
**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Sept. 5, 1969.

Edmond R. Eberle, New Orleans, La., for appellants.

Charlton B. Ogden, II, A. R. Christovich, Jr., New Orleans, La., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

The widow and five children of Freddie Morrison commenced this diversity action in the District Court for the wrongful death of Morrison against New Orleans Public Service Inc., a Louisiana corporation. Plaintiffs, California residents, alleged that Morrison had been

negligently struck and killed in New Orleans, Louisiana, by a bus owned by Public Service. They sought to recover damages on the basis of article 2315 of the Louisiana Civil Code, La.Civ.Code Ann. art. 2315 (West Supp. 1968), for the loss allegedly caused them by the death of Morrison and for the pain, suffering, and mental anguish allegedly caused Morrison by the accident before he died. Public Service moved that the District Judge dismiss the action for lack of jurisdiction of the subject matter. The District Judge converted the motion into one for summary judgment which he granted. The sole issue presented by this appeal of plaintiffs is whether the District Court thus erred in dismissing without prejudice plaintiffs' claims against Public Service.[1]

The District Judge ordered dismissal because he concluded that this action was not properly maintainable unless there were joined with plaintiffs three other children of Morrison who were residents of Louisiana and were not parties to this suit and whose own suit against Public Service for damages was then pending in a Louisiana state court. Since joinder of these absent children would have deprived the federal court of diversity jurisdiction, see Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed 435 (1806); Weems v. Louis Dreyfus Corporation, 5 Cir., 1967, 380 F.2d 545, the District Judge determined that plain-

tiffs' claims could not be vindicated in federal court. We agree with this determination and, therefore, affirm the judgment. The decision of the Supreme Court in Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), however, compels that we not accept the reasons that were stated by the District Judge for reaching a proper result.[2]

■ We understand the District Judge to have based his order of dismissal on the following premises: (1) there is a category of persons termed "indispensable parties"; (2) that category is defined in a diversity case by the substantive law of the state in which the federal forum lies, Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); (3) the right of a person who is within that category to participate in the litigation in issue is a state-created substantive right; (4) as a matter of substantive Louisiana law, rights predicated upon article 2315 of the Louisiana Civil Code are held jointly and indivisibly by all the survivors entitled by that article to recover damages for the wrongful death of a single decedent, Reed v. Warren, 172 La. 1082, 136 So. 59 (1931); (5) the children of Morrison who are not parties to this action would be entitled to damages if his death is proved to be wrongful and are, therefore, "indispensable parties" to this action; (6) since joinder of these absent

1. We have concluded on the merits that this case is of the character that does not justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties thereof in writing. 5 Cir. R. 18; see Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, 805–808.

2. In *Provident Tradesmens* the Supreme Court vacated a judgment of the Court of Appeals for the Eighth Circuit. The Circuit Court had reversed a directed verdict in favor of plaintiffs on grounds not raised in the trial court. One of these grounds was that under Pennsylvania law an individual not a party to the suit was deemed an indispensable party. The Supreme Court criticized the Court of Appeals for not having followed "the provi-

sion of Rule 19 of the Federal Rules of Civil Procedure that findings of 'indispensability' must be based on stated pragmatic considerations. It held, to the contrary, that the right of a person who 'may be affected' by the judgment to be joined is a 'substantive' right, unaffected by the federal rules; that a trial court 'may not proceed' in the absence of such a person; and that since Dutcher could not be joined as a defendant without destroying diversity jurisdiction the action had to be dismissed." The Supreme Court then concluded that "the inflexible approach adopted by the Court of Appeals in this case exemplifies the kind of reasoning that the Rule was designed to avoid." 390 U.S. at 107, 88 S.Ct. at 736.

children would destroy federal diversity jurisdiction, the suit must be dismissed; (7) the federal compulsory-joinder rule, Fed.R. Civ.P. 19,[3] "only deals with joinder of parties in suits over which the court has jurisdiction," and is not determinative of the issue whether the claims of Mrs. Morrison and five of the Morrison children may be litigated separately from the claims of the other Morrison children.[4]

■ Contrary to this view, we agree with plaintiffs that Rule 19 is applicable in the determination of whether their action in federal court may proceed without the joinder of the absent Morrison children.[5] " * * * [I]n a diversity

---

3. In 1966, Rule 19 was rewritten in order to "eliminate formalistic labels that restricted many courts from an examination of the practical factors of individual cases." Cohn, The New Federal Rules of Civil Procedure, 54 Geo.L.J. 1204 (1966); see 2 Barron and Holtzoff, Federal Practice and Procedure § 511 at 28 (Wright rev.ed. Supp.1968). Under the new Rule 19 we shift focus from the indispensable-necessary-proper trichotomy and instead must determine "whether in equity and good conscience the action should proceed among the parties before it." Certain factors must be considered in making this determination: (1) the extent of prejudice to absent and present parties; (2) the extent to which this prejudice, if any, might be lessened; (3) the adequacy of a judgment that might be rendered in a person's absence; and (4) the adequacy of remedies available to plaintiff if the action is dismissed for nonjoinder. Fed.R.Civ.P. 19(b).

4. The District Court said:
 " * * * [T]he Court renders summary judgment on the basis that it lacks—that parties who have a joint cause of action with those here made plaintiffs are indispensable and that these persons are themselves residents of Louisiana, that their joinder either as plaintiffs in this action would destroy diversity, or as defendants would require their alignment with the plaintiffs and destroy their diversity, that under Erie Railroad versus Tomkins, the Court must follow Louisiana law, and that under 2315 of the Louisiana Civil Code the cause of action in so far as it relates to the pain and suffering and other actions that would have enured to the decedent is joint and must of necessity be asserted in a single action, and that the cause of action in so far as it relates to the transmitted or the wrongful death cause of action must, under Louisiana law, my understanding is, to be determined substantive also be asserted in that same litigation, and hence that motion will be granted."

Of course, the absence of the other Morrison children did not deprive the District Court of jurisdiction over the parties before it, Cohn, The New Federal Rules of Civil Procedure, 54 Geo.L.J. 1204, 1206–1207 (1966), and Rule 19 was fully applicable to this case.

5. Following is a text of the new Rule 19 in pertinent part:
 "(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring doubt, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.
 "(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a) (1)—(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions

case the question of joinder is one of federal law. To be sure, state-law questions may arise in determining what interest the outsider actually has, but the ultimate question whether, given those state-defined interests, a federal court may proceed without the outsider is a federal matter." Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 125 n. 22, 88 S.Ct. 733, 746 n. 22, 19 L.Ed.2d 936 (1968) (citations omitted). This federal question is answerable within the framework of Rule 19:

> "The decision whether to dismiss (i. e., the decision whether the person missing is 'indispensable') must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests. Rule 19 does not prevent the assertion of compelling substantive interests; it merely commands the courts to examine each controversy to make certain that the interests really exist. To say that a court 'must' dismiss in the absence of an indispensable party and that it 'cannot proceed' without him puts the matter the wrong way around: a court does not know whether a particular person is 'indispensable' until it has examined the situation to determine whether it can proceed without him."

*Id.* at 118–119, 88 S.Ct. at 743; *see* Broussard v. Columbia Gulf Transmission Company, 5 Cir., 1968, 398 F.2d 885, 888; Hallman v. Safeway Stores, Incorporated, 5 Cir., 1966, 368 F.2d 400, 402.

Applying the Rule 19 criteria to this case, we conclude (1) that the Morrison children who were not parties to this action should have been joined with plaintiffs if joinder were feasible, (2) joinder of these absent children would deprive the federal court of subject-matter jurisdiction, (3) equity and good conscience dictate that this action should be dismissed for nonjoinder of the absent children, and (4) these absent children may be described with the conclusory term "indispensable parties." Thus we do not disturb the judgment of the District Court. We reach our conclusions as follows.

 First, the Morrison children who were not parties to this action have a direct interest in plaintiffs' claim against Public Service for the damages to which Morrison would have been entitled had he survived. Article 2315 of the Louisiana Civil Code transmits Morrison's claim to his widow and all his children. Litigation of this claim in federal court would deprive the absent children of a share in the recovery, if any, of damages for Morrison's pain and suffering because Louisiana permits only a single lump-sum damage award for the pain and suffering of a wrongfully killed person, and this award must be obtained in a single action to which the surviving spouse and all the children are parties. See, e. g., Reed v. Warren, 172 La. 1082, 136 So. 59 (1931). Under Rule 19(a), therefore, the absent Morrison children were "persons to be joined if feasible." Since joinder of these children would deprive the federal court of jurisdiction, Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435

in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."
Inasmuch as "a person as described in subdivision (a) (1)—(2)" (subparagraph (b) of the Rule) is necessarily a person "whose joinder will not deprive

the court of jurisdiction" (subparagraph (a)), the District Court's insistence that subparagraph (b) of the Rule applies only where the Court has jurisdiction is understandable. A literal reading of the rule appears to require that conclusion. Nevertheless, this type of reasoning was expressly rejected by the Supreme Court in Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 119, 88 S.Ct. 733, 743, 19 L.Ed.2d 936 (1968).

(1806), the question presented to the District Court was whether the action should proceed with only the parties then before the Court. Fed.R. Civ.P. 19(b).

Turning to this question, under the "equity and good conscience" test of Rule 19(b), we note factors in this case which compel dismissal of the federal action for nonjoinder. Primary among these factors is the well-settled law of Louisiana which pertains to wrongful death actions based on article 2315 of the Louisiana Civil Code.[6] As the Supreme Court has stated, "Rule 19 does not prevent the assertion of compelling substantive interests; it merely commands the courts to examine each controversy to make certain that the interests really exist." Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 119, 88 S.Ct. 733, 743, 19 L.Ed.2d 936 (1968). Under the law of Louisiana the survivors of a decedent have but one cause of action based upon article 2315. Reed v. Warren, 172 La. 1082, 136 So. 59 (1931). This single cause of action encompasses the individual claims of the survivors for damages caused them by the loss of the decedent as well as the single, indivisible claim for the pain and suffering of the decedent which is transmitted by article 2315 to his survivors. Louisiana courts hold that a survivor may not split his individual claim for damages and the decedent's transmitted claim into separate actions.

Reed v. Warren, supra; see McConnell v. Travelers Indemnity Company, 5 Cir., 1965, 346 F.2d 219, 223. The survivor who litigates only one of the two article 2315 claims waives his right to litigate the other. La.Code Civ.Proc. art. 5 (West 1960). Moreover, all the survivors of a single decedent must litigate their individual claims for his wrongful death in one suit, because these individual claims were established by article 2315 as parts of a single, indivisible cause of action. In short, the law of Louisiana is that a single wrongful death results in a single cause of action belonging jointly to all survivors of the decedent who are entitled by statute to damages.

Plaintiffs argue that these Louisiana rules are "procedural" rather than "substantive" and that, as state procedural rules, they do not apply to the question whether this action must be dismissed for nonjoinder. We cannot accept this argument. Plaintiffs claim rights created by article 2315 of the Louisiana Civil Code, but that article gives Public Service the right to have all survivors' claims arising from the death of Morrison litigated in one action. Reed v. Warren, supra. We must apply article 2315 as we find it, McConnell v. Travelers Indemnity Company, 5 Cir., 1965, 346 F.2d 219, 224, and this application requires that we recognize the rights of Public Service as well as the rights of plaintiffs. See generally 2 Barron

---

6. Article 2315 provides in pertinent part:

"Art. 2315. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

"The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.

"The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragrah is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not."

and Holtzoff, Federal Practice and Procedure § 513.8 (Wright rev. ed. Supp.1968). Moreover, we believe that it is unnecessary that we characterize the Louisiana rules as either "substantive" or "procedural." Instead, we apply the criteria of Rule 19(b) to this case.

If this action were allowed to continue despite the nonjoinder of the absent Morrison children, they could not subsequently maintain their claims in the Louisiana court because of the Louisiana prohibition against claim-splitting and multiple actions for wrongful death. As residents of Louisiana, they cannot join in this action without depriving the federal court of subject-matter jurisdiction. Plaintiffs, by joining the other Morrison children in the state court litigation, have an adequate remedy despite the dismissal of this action. Therefore, dismissal of this action for nonjoinder was within the discretion of the District Judge.

Affirmed.