323 So.2d 176 (1975)
Louis RICHARD et al., Plaintiffs-Appellants,
v.
TRAVELERS INSURANCE COMPANY et al., Defendants-Appellees.
No. 5222.
Court of Appeal of Louisiana, Third Circuit.
November 20, 1975.
Rehearing Denied December 17, 1975.
Writ Refused February 6, 1976.
Milton L. LeBlanc, Jr., New Iberia, for plaintiffs-appellants.
Caffery, Duhe & Davis by J. Louis Gibbens, New Iberia, for defendants-appellees.
Before MILLER, WATSON and CUTRER, JJ.
CUTRER, Judge.
Louis Richard and his wife, Lillie L. Richard, brought suit against Travelers Insurance Company and its insureds, J. W. Bostick and his wife, Sue Bostick, for damages incurred as a result of the alleged negligence of the Bosticks' minor son. A motion for summary judgment was filed by the defendants in which they asserted that Mr. Richard had split his cause of action for damages allegedly caused to the community *177 by suing for and recovering a portion of those damages in an earlier suit. The motion was granted and Mr. Richard's suit was dismissed by the trial court. A devolutive appeal was perfected by Mr. Richard. We affirm the judgment of the trial judge dismissing Mr. Richard's suit. The claim of the co-plaintiff, Mrs. Richard, is pending in the trial court.
The petition filed by the plaintiffs alleges the following facts: On June 19, 1973, Lillie Richard was driving the family automobile in a southerly direction on North Lewis Street in New Iberia when she was required to stop her automobile to permit vehicles leaving the parking lot adjacent to Eckard's Drug Store to drive onto North Lewis Street. While stopped on North Lewis Street her automobile was struck from the rear by a 1973 Mercury automobile owned by the Bosticks and driven by their fifteen year old son, William Bostick. The collision caused damage to the rear of the Richard vehicle and personal injuries to Mrs. Richard. Mr. Richard sued for the medical expenses paid by the community in connection with the injuries suffered by Mrs. Richard in the amount of $2,700.00, and Mrs. Richard sought to recover damages for her personal injuries and suffering in the amount of $50,000.00, together with interest and court costs.
Prior to the filing of the present suit Mr. Richard had filed suit on behalf of the community in New Iberia City Court seeking to recover $830.25 as property damages to the family automobile and for his wife's travel to and from the doctor's office. The City Court judgment ordered Travelers Insurance Company to pay Mr. Richard $551.62 in damages. That judgment has become final.
Following the filing of the present suit the defendants filed a motion for summary judgment, seeking to dismiss Mr. Richard's claim because he had split his cause of action for damages caused to the community by suing and recovering damages for the property loss and related travel expenses in City Court and then attempting to sue in District Court for the medical expenses and travel expenses incurred by the community as a result of the accident. An exception of res judicata was also filed by the defendants. The motion for summary judgment was granted by the trial judge. No ruling was made on the exception. Since we affirm the granting of the motion for summary judgment we will not discuss the exception.
The issue presented to this court is whether Mr. Richard has split his cause of action under LSA-C.C.P. article 425, so that he is now barred from litigating the remainder of the cause of action which was created in favor of the community by the allegedly negligent acts of the Bosticks' minor son.
LSA-C.C.P. article 425 provides as follows:
"An obligee cannot divide an obligation due him for the purpose of bringing separate actions on different portions thereof. If he brings an action to enforce only a portion of the obligation, and does not amend his pleading to demand the enforcement of the full obligation, he shall lose his right to enforce the remaining portion."
The obligations created by the allegedly tortious acts of the defendants' minor son are those due Mrs. Richard for the personal injuries and those due the community existing between the Richards for the expenses incurred as a result of the accident. In the present case there were two portions of the obligation due the community, the medical and travel expenses and the property damages. Under LSA-C.C.P. article 686, only the husband may sue on the claims belonging to the community.
*178 When Mr. Richard sued and recovered in New Iberia City Court for one portion of the obligation, i. e., the property damages and travel expenses, he waived his right to sue for the other portion of the same obligation in the District Court. Splitting a cause of action is barred by article 425.
In the case of Fortenberry v. Clay, 68 So.2d 133 (La.App. 1st Cir. 1953) the court held as follows:
"In American Jurisprudence, Vol. 1, p. 494, Section 4, we find the following:
"It sometimes happens that a single wrongful or negligent act causes damage in respect of both the person and property of the same individual as, for instance, where the owner of a vehicle is injured in a collision which also damages the vehicle. In such a case, the question arises as to whether there are two causes of action or only one, and the authorities are in conflict concerning it. The majority rule is that only one cause of action arises, the reason of the rule being that as the defendant's wrongful act is single, the cause of action must be single, and that the different injuries occasioned by it are merely items of damages proceeding from the same wrong.'
"Louisiana jurisprudence is in accord with the majority rule.
"We agree with the decision quoted above. Should the laws of our state hold otherwise, there would be an undetermined number of suits between the same parties arising out of one wrongful action."
See also McConnell v. Travelers Indemnity Company, 346 F.2d 219 (5th Cir. 1965).
For the reasons assigned the judgment of the trial court sustaining the motion for summary judgment dismissing the suit of Louis Richard is affirmed at plaintiff-appellant's costs.
Affirmed.