JONES, Judge.
Plaintiffs, husband and wife, brought this action on November 10, 1977 against defendant, American Fire and Indemnity Company, for damages arising from an automobile accident which occurred on November 17, 1976, which they allege was due to the negligence of the defendant’s insured. The plaintiff-wife was injured in the accident while driving a community automobile which was damaged in the accident.
Plaintiff-wife sues for her loss of wages in the amount of $5,423.20. Plaintiff-husband also sues for his lost wages of $2,000 which he failed to earn during the time he stayed at home and cared for his injured wife.
Defendant filed a motion for summary judgment alleging plaintiffs split their cause of action, which is prohibited by *202 C.C.P. Article 425[1] because they filed a prior suit for damages arising out of the same accident on August 17, 1977 against American Fire and Indemnity Company and John H. Lewis.
In the prior suit, plaintiff-husband, as head and master of the community, asked for the following damages: property damage to automobile, $500; past and future medical expenses for wife, $6,051.25; past and future loss of wages for wife, $10,000. Plaintiff-wife asked for $100,000 damages for her personal injuries. On the second and last day of the prior trial, defendants filed an exception of no right of action directed at the husband’s suit for his wife’s lost wages based upon C.C.P. Article 686[2] which provides the wife is the proper party plaintiff to sue for her loss of wages. The trial judge sustained the defendant’s exception of no right of action. The husband was not permitted to prove the wife’s loss of wages. A judgment was therein rendered pursuant to a jury verdict of $750 for the husband and $2,500 for the wife.
In the present suit, plaintiff’s attorney filed an affidavit in opposition to summary judgment setting forth that plaintiffs did not elect to bring two suits, but the action of the defendants in the prior suit in objecting to the procedural capacity of the husband to sue for his wife’s lost wages, and in objecting to the substitution of the wife as plaintiff for lost wages to conform with C.C.P. Article 686, necessitated the present suit to fully compensate the plaintiffs. The court granted summary judgment for defendant and plaintiffs appeal. We affirm.
There is no evidence in the record that the trial court in the earlier proceedings refused to permit the plaintiffs to amend their petition to assert on behalf of the wife a demand for her loss of wages. Plaintiffs were entitled to amend their petition under the provision of C.C.P. Article 425 and C.C.P. Article 934.[3] If the trial court denied plaintiffs the right to amend, they should have appealed in that suit and this they did not do and the judgment rendered therein is now final.
The issue on appeal is: have plaintiffs divided their cause of action under C.C.P. Article 425 by bringing a prior action for damages arising out of the same automobile accident precluding the prosecution of the instant action?
C.C.P. Article 425 requires a plaintiff in a tort suit to assert all elements of damages included within the obligation owed him by the tort feasor and if he fails to do so, he loses the right to enforce that portion of his claim which he failed to include in his suit. He may not thereafter institute a second suit to assert an element of his damages not included in the first suit. The article provides “he shall lose his right to enforce the remaining portion”.
In the decision of Richard v. Travelers Ins. Co., 323 So.2d 176 (La.App. 3d Cir. 1975), a wife was injured in an automobile accident and the community automobile was damaged. The husband filed a suit in *203 city court for the property damage to the automobile and for expenses incurred by him carrying his wife to the doctor. He received a judgment for the claim asserted by him in the city court. He joined his wife in a suit in state district court, wherein she sued for her personal injuries, and sued as head and master of the community for her medical expenses. The court held that the husband as head and master of the community had lost the right to assert the community claim for the wife’s medical expenses because he had filed one claim for damages sustained by the community in the city court and did not include the medical expenses within this claim. He, therefore, lost the right to assert the medical expense claim in the second suit wherein the wife sued for personal injuries.
In McConnell v. Travelers Indemnity Company, 346 F.2d 219 (5th Cir. 1965), a husband who asserted a community claim in a state district court for his wife’s medical expenses incurred for treatment of her personal injuries was denied the right to proceed in the U.S. District Court for his damages due to personal injuries resulting from the same accident. The wife’s medical expenses and the husband’s damages were elements of the community cause of action, i. e., one obligation. When the husband asserted only part of the cause of action, this being the claim for his wife’s medical expenses, he lost the right to enforce the remaining portion of his cause of action. See also Fortenberry v. Clay, 68 So.2d 133 (La.App. 1st Cir. 1953).
The husband should have included his claim for his loss of wages which he allegedly sustained because he was required to stay home from work to look after his injured wife in the first suit filed by him, and his attempt to now assert it in a second suit falls within the prohibition contained in C.C.P. Article 425. Plaintiffs should have amended their petition to assert their claim on behalf of the wife for the wife’s loss of wages when the trial court sustained the defendant’s exception of no right of action directed at the husband’s claim for this element of damages. Plaintiff-wife had a cause of action for her personal injuries and for the community loss of her wages. The tort feasor owed her one. obligation which included these elements of damage. When the wife failed to assert her claim to the full obligation in the first suit, she lost the right to “enforce the remaining portion”.
The decision of Sutterfield v. Fireman’s Fund American Ins. Co., 344 So.2d 1159 (La.App. 4th Cir. 1977), cited by plaintiff is factually dissimilar from this one. The case involved a suit by an insured under the collision coverage of his policy in the city court for damages to his automobile sustained in an accident and a separate suit in the district court for personal injuries sustained in the same accident under the uninsured motorist coverage of the policy. The insurance contract does not permit recovery for personal injuries under the collision coverage, nor does it permit recovery for property damage under the uninsured motorist coverage. The court held that there were two distinct contractual obligations, one under the collision portion of the policy and one under the uninsured motorist portion of the policy and that the plaintiff had not split either of these obligations by instituting separate suits in separate courts to assert claims for each of these separate obligations owed him by the defendant insurer. The Sutterfield v. Fireman’s Fund American Ins. Co., supra, case is not authority for permitting the husband and wife to each assert in two different suits claims for separate elements of their damages owed them under their respective causes of action based upon the negligence of the defendant’s insured.
For the reasons assigned, the judgment is AFFIRMED at appellant’s cost.

. C.C.P. Art. 425 — “An obligee cannot divide an obligation due him for the purpose of bringing separate actions on different portions thereof. If he brings an action to enforce only a portion of the obligation, and does not amend his pleading to demand the enforcement of the full obligation, he shall lose his right to enforce the remaining portion.”

. C.C.P. Art. 686 — “The husband is the proper plaintiff, during the existence of the marital community, to sue to enforce a right of the community.
Where a doubt exists whether the right sought to be enforced belongs to the marital community or to the separate estate of the wife, the husband and wife may sue in the alternative to enforce the right.
The wife, however, is the proper party plaintiff to sue to enforce the right to recover wages, earnings, income, fees, stipends, proceeds and commissions due her as a result of her engaging in or pursuing any occupation, trade or profession involving her individual efforts, services, skills, arts, professional competence, vocational undertakings and personal endeavors, whether or not the same involves investments."

. C.C.P. Art. 934 — “When the grounds of the objection pleaded by the preemptory exception may be removed by amendment of the petition, the judgment sustaining the exception SHALL order such amendment within the delay allowed by the court . . . ”