122 So.2d 109 (1960)
S. E. TOOKE et ux., Plaintiffs-Appellants,
v.
HOUSTON FIRE AND CASUALTY INSURANCE COMPANY et al., Defendant-Appellee.
No. 9234.
Court of Appeal of Louisiana, Second Circuit.
June 22, 1960.
Bodenheimer, Looney & Richie, Shreveport, for appellants.
Blanchard, Goldstein, Walker & O'Quin, Shreveport, for appellee.
HARDY, Judge.
This action was instituted by plaintiffs against the defendant insurance company for the recovery of damages to property and person resulting from an automobile *110 accident. Defendant filed an exception of res adjudicata and plaintiffs appealed from judgment sustaining said exception and dismissing the suit.
The accident which gave rise to plaintiff's claims occurred on December 19, 1958, and on January 3, 1959, plaintiffs, S. E. Tooke and wife, Polly Tooke, signed a full and complete release of all claims arising from the accident for a consideration of payment of the sum of $528.24, receipt of which was acknowledged, which release was mailed by plaintiffs to defendant's adjuster. Under date of January 7, 1959, defendant issued its draft for the above stated amount, which was received by plaintiffs on or about January 12, 1959. The draft was not presented for payment and was returned to defendant after the institution of this suit on September 16, 1959. Defendant has notified plaintiffs that the draft is available for their use and will be honored upon presentation. Subsequent to filing of defendant's exception plaintiffs filed a supplemental petition, alleging that the purported release was executed under an error of fact. The specific error relied upon is found in the contention that plaintiffs were induced to execute the release in the belief, upon the representation of defendant's adjuster, that it did not include settlement of claims resulting from personal injuries sustained by Mrs. Tooke but covered only the actual property damage to the automobile owned by plaintiff husband.
It is obvious that the only issue tendered by this appeal is whether the execution of the instrument of release and the tender of the payment of the amount set forth therein constitutes a valid and binding compromise settlement which has the effect of a thing adjudged.
Counsel for plaintiffs relies primarily upon the holding of this court in Benson v. Metropolitan Casualty Ins. Co., La.App., 79 So.2d 345. We find no basis for the application of the holding in the cited case to the matter here under examination. The first ground of distinction lies in the fact that in the Benson case there was a variation between the terms of the release and the acceptance thereof; second, in the Benson case the court found as a fact that the plaintiff did not have the mental capacity at the time of execution of the purported release to enter into a valid and binding contract.
In the present case it is established that Mrs. Tooke signed the document of release at the body shop where the car was being repaired; took the instrument home where it was signed by her husband and then mailed it to the defendant's adjuster. There is no dispute as to the signing of the instrument, nor as to the clear, unambiguous and comprehensive terms which were a part thereof. It is contended by plaintiffs that neither of them read the release. This constitutes neither an acceptable defense nor a reasonable excuse. It is abundantly clear that plaintiffs are not only literate but intelligent, and they are clearly charged with the responsibility of having read that which could have been read and would have been easily understood. Blades v. Southern Farm Bureau Casualty Ins. Co., La.App., 95 So.2d 209; Thompson v. Kivett & Reel, La.App., 25 So.2d 124.
Though the fact is not established, conceding arguendo, that defendant's adjuster informed Mrs. Tooke that the release covered only the damage to the automobile, such a representation is of no import. The clear conditions of the release speak for themselves. This point was also considered and adversely disposed to plaintiff's contentions in Blades v. Southern Farm Bureau Casualty Insurance Company, cited supra.
Finally, it is urged that the release agreement was not binding because the consideration was not paid in cash. We find no substance in this contention. Receipt of payment was acknowledged in the instrument and payment was actually made by defendant and received by plaintiffs without undue delay. Plaintiffs are not at *111 liberty to rely upon their election to refuse to accept the payment in support of their plea of lack of consideration; Daly v. N.O.R.R. & Light Co., 133 La. 270, 62 So. 903.
We find no error in the judgment appealed from, and, accordingly, it is affirmed at appellants' cost.