197 So.2d 904 (1967)
William H. THIGPEN, Jr.
v.
Jack GUARISCO et al.
No. 7032.
Court of Appeal of Louisiana, First Circuit.
April 17, 1967.
*905 Arnold J. Gibbs, Baton Rouge, for appellant.
Gerald L. Walter, Jr., of Kantrow, Spaht, Weaver & Walter, Baton Rouge, for appellees.
Before LANDRY, ELLIS, and BAILES, JJ.
ELLIS, Judge.
This suit arises out of an automobile accident which happened on June 4, 1965, in the city of Baton Rouge. After the petition was filed, defendant Jack Guarisco and his insurer, Hartford Accident and Indemnity Company, filed exceptions of no right or cause of action and of res judicata, basing same on the alleged execution of a full release by plaintiff on June 11, 1965.
A trial was held on the exceptions at which evidence was taken, and following which the trial court sustained the exception of no right or cause of action and dismissed plaintiff's suit. From that judgment, plaintiff has taken this appeal.
According to plaintiff's testimony, he was told by the claims adjuster who negotiated the release that he was merely settling for the damages to his automobile, and that the settlement had nothing to do with personal injuries. Plaintiff's wife testified that she had the same understanding.
The adjuster, on the other hand, stated that the matter was fully explained to plaintiff, that amounts were included in the settlement for lost wages, medical expenses, and for future damages and expenses, as well as for the automobile, and that plaintiff read the release before he signed it. Plaintiff, in his testimony, denied that he had read the release, but admitted his signature thereon, as well as on the draft issued in payment of the settlement.
Both plaintiff and the adjuster agreed that the value of the automobile, which was a total loss, was between $350.00 and $500.00. The adjuster testified that the automobile claim was settled for $425.00, half-way between the above figures. He testified that he gave plaintiff $40.00 for lost wages, $15.00 for medical expenses, and $30.00 for pain and suffering, future medical *906 and future lost wages, valuing a total settlement figure of $510.00. Plaintiff claimed that the $510.00 was in payment for the automobile alone.
The trial judge found plaintiff to be an intelligent person, capable of understanding what he was doing, and was of the opinion that he had, in fact, read the release.
Plaintiff contends that he never intended to settle his claim for personal injuries, and never received anything from the adjuster for personal injuries. He points out that he was on crutches at the time of the settlement, and that this was known to the adjuster. He claims, alternatively, that, if he received anything for his personal injuries, the amount received was not a serious amount, and the release was therefore null and void. He further seeks to have the nullity of the release declared because there was no meeting of the minds between him and Hartford.
In addition to the above, plaintiff alleges in his petition that the release was null because of fraud and misrepresentation.
Questions similar to those raised in this case have been considered by the courts of this state on a number of occasions. Jackson v. United States F. & G. Co., 199 So. 419 (La.App. 2 Cir., 1940); Thompson v. Kivett & Reel, 25 So.2d 124 (La.App. 1 Cir., 1946); Blades v. Southern Farm Bureau Casualty Insurance Co., 95 So. 2d 209 (La.App. 1 Cir., 1957), (modified 237 La. 1, 110 So.2d 116 (1959)); Tooke v. Houston Fire and Casualty Insurance Co., 122 So.2d 109 (La.App. 2 Cir., 1960).
All of the foregoing cases are remarkably similar to this case, factually. All of them reached the same conclusion as did the district judge in this case. It is clear that where literate and intelligent persons execute a release which is clear and unambiguous in its terms, they cannot later have the release nullified in the absence of fraud or violence, or unless there can be shown error as to the person or on the matter in dispute. Civil Code, Article 3079.
As pointed out in the Tooke case, supra, the failure to read a release is neither an acceptable defense nor a reasonable excuse. In the Jackson case, supra, it is pointed out that Article 3078 of the Civil Code prevents setting aside of a compromise because of lesion. Neither can a cause of action be split, so as to allow for settlement of property damages, leaving open the question of damages for personal injuries. Jackson v. United States F. & G. Co., supra; Thompson v. Kivett & Reel, supra.
Plaintiff has not shown the existence of fraud or violence in this case. It seems apparent that he read the release before he signed it. He kept the draft issued pursuant thereto for four days before he cashed it. He was aware at the time that he signed the release that he was injured, and he accepted an amount which was in excess of the maximum value which he, himself, placed on the automobile.
Under the foregoing circumstances, he cannot now claim the nullity of the release.
The judgment appealed from is affirmed.
Affirmed.