393 So.2d 394 (1980)
Walter FELDER
v.
GEORGIA PACIFIC CORP., Henry L. Turner, and Hartford Accident & Indemnity Co.
No. 13874.
Court of Appeal of Louisiana, First Circuit.
December 15, 1980.
Rehearing Denied January 26, 1981.
Joe R. Cortina, Baton Rouge, for plaintiff-appellant, Walter Felder.
Daniel R. Atkinson, Baton Rouge, for defendant-appellee, Georgia Pacific Corporation, Henry L. Turner and Hartford Accident & Indemnity Co.
Before LOTTINGER, EDWARDS and PONDER, JJ.
EDWARDS, Judge.
On February 12, 1979, Walter Felder, a passenger in a truck driven by Larry W. Severio, was injured when the vehicle was struck by a truck owned by Georgia Pacific Corporation and driven by Henry L. Turner. Felder brought suit against Turner, Georgia Pacific and Hartford Accident & Indemnity Company, the insurer of Turner and Georgia Pacific.
Defendants filed a peremptory exception of res judicata on the ground that Felder had, on June 25, 1979, for consideration of $700.00, signed a release and settlement of all claims against the named defendants *395 arising out of the February 12 accident. From a judgment maintaining the exception, plaintiff appeals. We affirm.
Appellant contends there was no compromise because 1) there was no consideration for the release, 2) the release did not encompass the whole oral contract and 3) both parties did not sign the release.
It is obvious that consideration was paid for Felder's release. That the payment was by draft and not in cash is of no moment. Hartford's draft was sent to Felder on June 26, 1979, the day after he signed the release. Felder is bound by the release and may not rely on his refusal to accept payment in support of his plea of lack of consideration. Tooke v. Houston Fire and Casualty Insurance Company, 122 So.2d 109 (La.App. 2nd Cir. 1960); Daley v. New Orleans Ry. & Light Co., 133 La. 270, 62 So. 903 (1913).
Appellant claims that the release as executed does not contain all aspects of the compromise. This argument is insupportable. The release states in part:
"I Walter Felder ...... for the sole consideration of Seven Hundred & no/100 Dollars ..... do hereby release....."
Clearly, any discussion prior to execution of the release dealing with different modes or amounts of consideration was merely preliminary negotiation. The release is complete on its face and no parol evidence can be admitted to vary the terms. LSA-C.C. Art. 2276.
Felder's last objection to the compromise is that Hartford did not sign it. This is true, but irrelevant. Hartford, in answer to interrogatories propounded by counsel for Felder, admitted that Mr. William B. Petty, Jr., had authority to compromise claims. Petty made the offer of settlement, witnessed Felder's signing of it, and immediately ordered that the draft be sent. Even if Petty had no authority, Hartford's tender of the draft indicated its assent.
LSA-C.C. Art. 3071 defines a transaction or compromise:
"A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be reduced into writing."
Felder and Hartford, through its agent, Petty, executed a compromise. Both are bound by it. Felder may not, in an obvious attempt to reap greater benefits, avoid the effect of his release by using tortured and incorrect reasoning to show that there never was a compromise. In the absence of error in the person, fraud or violence, none of which has been alleged, the compromise will stand. LSA-C.C. Art. 3079.
For the foregoing reasons, the judgment appealed from is affirmed. All costs, both trial and appellate, are to be paid by Walter Felder.
AFFIRMED.