MARVIN, Chief Judge.
In this appeal by Shaw, we affirm a 1990 judgment which dismissed, on exceptions, his action against Scott and others for personal injury damages that arose out of a 1985 collision between the respective vehicles which were driven by Shaw and Scott. This action was the second action Shaw had instituted against defendants arising out of the accident.
Shaw and his collision insurer-subrogee, State Farm, who had paid Shaw his collision (property) damage, had sued the same defendants in an earlier action for the property damage. The earlier action was dismissed with prejudice in 1986 on the joint motion of all parties on allegations that the “matter” had been “fully settled between all parties.” That judgment, now definitive, was not appealed and is not attacked in any respect by any party at interest in this appeal. CCP Art. 1673.
The trial court dismissed Shaw’s personal injury action in 1990, sustaining Scott’s exceptions of res judicata and, alternatively, of no cause of action and of no right of action under former CCP Art. 425, which, before January 1, 1991, precluded the “splitting” of a single cause of action.[1] See also CCP Art. 5 and Comments.
The Art. 425 issue — whether Shaw’s cause of action for damages arising out of the accident was “split” — arises because Shaw’s right of action for personal injury damages was not expressly reserved to Shaw when the property damage action was dismissed with prejudice in 1986. We detail the circumstances out of which Shaw’s appeal arises:
FACTS
March SO, 1985 — the collision occurred between the two vehicles, effectively rendering Shaw’s vehicle a.total loss, subject to some salvage value. Title to the vehicle was transferred to State Farm, the collision insurer of Shaw’s vehicle, who paid Shaw the value of the vehicle after the $100 deductible was applied as the policy required.
May 10, 1985 — Settling his claims under the “collision coverage” of the State Farm policy, Shaw executed a “SUBROGATION RECEIPT” and conventionally subrogated State Farm to Shaw’s rights “to the extent of [its] payment to Shaw.” CC Art. 1825. On the subrogation receipt next to Shaw’s signature was the stamped direction “PLEASE COLLECT MY DEDUCTIBLE.”
September 10, 1985 — The property damage action against Scott, his employer, English', and his employer’s liability insurer, Colony, was filed in DeSoto Parish in Shaw’s name, individually, and in State Farm’s name, as subrogee. The petition included the allegation that “Shaw suffered the loss of the ... $100 deductible of the ... policy,” and the prayer for judgment against defendants “and in favor of Shaw in the sum of ... $100 ...”
April 7, 1986 — Shaw, represented by separate counsel, instituted in Caddo Parish against the same defendants, a separate action for his personal injury damages arising out of the March 30, 1985, accident.
June 11, 1986 — State Farm as subrogee for Shaw acknowledged receipt of $4,233.56 paid by Colony and executed, for Colony and its insureds, a FULL RELEASE AND DISCHARGE of all claims and causes of action, including bodily injury and property damage arising out of the March 30, 1985, accident. The release is often mentioned and quoted in the briefs in this record but was not introduced into evidence in the trial court.
In this record Shaw has acknowledged that he received and cashed a State Farm check payable to him for his $100 deductible sometime after June 11, 1986.
*625 June 13, 1986 — A joint motion to dismiss the property damage action with prejudice was granted by the trial court. We emphasize the language of the motion:
Plaintiffs, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY as subrogee for L.C. SHAW and through their undersigned counsel, and SOUTH TOWN CONCRETE, JESSIE C. SCOTT, JERRY W. ENGLISH and COLONY INSURANCE COMPANY, defendants therein, through their undersigned counsel, jointly move this Honorable Court for a Judgment of Dismissal with full prejudice for the reason that the above mentioned matter has been fully settled between all parties, and therefore, same should be dismissed with full prejudice, each party bearing their own costs.
The June 13, 1986, order of dismissal signed by the trial judge simply stated:
IT IS ORDERED, adjudged and decreed that this suit is hereby dismissed, with prejudice, each party bearing their own costs.
Even though Shaw’s name in his individual capacity was apparently inadvertently omitted, the joint motion to dismiss clearly set forth that the property damage “matter” had been settled between all parties and should be dismissed with prejudice, stating
plaintiffs ... through their undersigned counsel, and ... defendants ... through their undersigned counsel ... jointly move for a judgment of dismissal ... for the reason that the above mentioned matter has been fully settled between all parties and should be dismissed with full prejudice ...”
There was no reservation to Shaw of his right to continue his then pending action for personal injury damages.
For clarity, we note these events occurring after the property damage action was dismissed with prejudice in 1986:
In June 1988 defendants answered Shaw’s separately filed action for personal injury damages. On January 3,1989, these defendants pleaded the one year tort prescription. A judgment overruled this plea in February 1989 on the basis that the timely filed property damage action and the belatedly filed personal injury action were integral parts of the same cause of action. That judgment was not appealed and is not complained of by any party.
On September 15, 1989, defendants in Shaw’s personal injury action filed the exceptions of res judicata, and, alternatively, of no cause of action and of no right of action, which were later sustained by the trial court.
To further add to Shaw’s dilemma, we note from his supplemental brief in this appeal and from the record of another appeal lodged in this court on April 23, 1991 (L.C. Shaw v. State Farm Mutual Automobile Insurance Company, our docket no. 23,172-CA), that Shaw is appealing a 1991 judgment of the trial court which sustained State Farm’s plea of prescription and dismissed his action against State Farm founded on allegations that State Farm was “negligent in not including a reservation of [his] rights” to claim personal injury damages when the property damage action was settled in 1986. Of course, we do not here pass on the merits of that appeal.
ANALYSIS
Shaw agrees that he had only one cause of action for his damages arising out of the 1985 accident. Thompson v. Kivett & Reel, 25 So.2d 124 (La.App. 1st Cir.1946). He contends that the trial court should have determined that no one intended for him to release or otherwise settle his claim for personal injury damage when the property damage action was settled and dismissed.
There are circumstances where a compromise or transaction that releases all claims has been held to be ineffective and legally vitiated because of error. See CC Art. 3079; Moak v. American Automobile Insurance Company, 134 So.2d 911 (La.1961). Shaw’s circumstances are more akin to those in Cooper v. Louisiana Farm Bureau Cas. Ins., 481 So.2d 611 (La.1986). See also Halford v. Dugas, 422 So.2d 693 (La.App. 3d Cir.1982).
*626 Even should we assume, however, that the 1986, and now definitive, judgment of dismissal was a mistake, Shaw does not, in this record, seek to vitiate that judgment or its effect. A well pleaded exception of res judicata asserted against plaintiffs second action for damages after the first action for damages arising out of one accident was dismissed with prejudice by a judgment, cannot be defeated by plaintiffs urging that the definitive judgment was rendered by mistake. Cooper v. Louisiana Farm, Bureau Cas. Ins., cited supra. There, as here, the otherwise definitive judgment of dismissal has not been attacked, directly or collaterally. There, as here, “[t]he law simply will not permit plaintiff to prevail” in such a posture. Id., at p. 615.
A judgment of dismissal of an action with prejudice has the authority of a “thing adjudged” against those who compromise and settle. See LRS 13:4281 before its amendment in 1990; CC Art. 3556(31); former CCP Art. 1842 and comments; Thigpen v. Guarisco, 197 So.2d 904 (La.App. 1st Cir.1967). By the express language of CCP Art. 1673, a judgment of dismissal with prejudice has the effect of a final judgment of absolute dismissal after trial. See also CCP Art. 1844.
A tortfeasor is an obligor to the victim who is damaged by the tort. CC Art. 2315. That obligation — to respond in money to repair the tort damage — cannot be enforced in part without loss of the remaining part of the obligation, unless the victim reserves his right to enforce the remaining part of the obligation. Former CCP Art. 425.
Other authority supports the trial court’s judgment:
As a general rule, a plaintiff who obtains, by judgment or by transaction, a part of his claim arising out of a cause of action, may be legally barred from thereafter asserting or continuing other claims arising out of the same cause of action. Former CCP Art. 425; Montgomery v. Am. Fire & Indem. Co., 366 So.2d 201 (La.App. 2d Cir.1978); Carney v. Hartford Accident & Indemnity Co., 250 So.2d 776 (La.App. 1st Cir.1971).
An exception to that general rule is recognized where plaintiff’s right to pursue other claims arising out of the same cause of action is reserved to him in the transaction or judgment. Honeycutt v. Town of Boyce, 341 So.2d 327 (La.1976). No such reservation was made by or for Shaw, even though he, and perhaps the other parties to the action that was dismissed, may have intended to do so.
DECREE
At Shaw’s cost, the judgment is AFFIRMED.
APPLICATION FOR REHEARING
Before MARVIN, NORRIS, LINDSAY, HIGHTOWER and BROWN, JJ.
Rehearing denied.

. Art. 425. Division of cause of action, effect
An obligee cannot divide an obligation due him for the purpose of bringing separate actions on different portions thereof. If he brings an action to enforce only a portion of the obligation, and does not amend his pleading to demand the enforcement of the full obligation, he shall lose his right to enforce the remaining portion.
We are applying the law in effect before January 1, 1991, before res judicata was legislatively broadened to issue-preclusion and CCP Art. 425 was amended by Act 521 of 1990, § 2.