669 So.2d 605 (1996)
Gloria HOWARD
v.
Mac TRELLES, Jr.
No. 95 CA 0227.
Court of Appeal of Louisiana, First Circuit.
February 23, 1996.
Writ Denied May 3, 1996.
Lee H. Des Bordes, Jr., Baton Rouge, for Plaintiff-Appellee Gloria Howard.
Daniel R. Atkinson, Jr., Baton Rouge, for Defendant-Appellant Mac Trelles, Jr.
Before CARTER and PITCHER, JJ., and CRAIN[1], J. Pro Tem.
*606 PITCHER, Judge.
Defendant, Mac Trelles, Jr. (Mr. Trelles), in this workers' compensation action appeals from a hearing officer's judgment, granting an injured employee permanent total disability benefits. We affirm.

Facts and Procedural History
Plaintiff, Gloria Howard (Ms. Howard), was employed as a legal secretary for the law office of Mac Trelles, Jr. On April 30, 1990, while in the course and scope of her employment, Ms. Howard injured her back when she attempted to sit in her desk chair, but the chair rolled from the desk, and she fell to the floor. On April 30, 1991, Ms. Howard filed a claim for payment of medical benefits with the Office of Workers' Compensation. In her claim, Ms. Howard alleged that she suffered back injuries in a work-related accident on April 30, 1990. Ms. Howard further alleged that Commercial Union Insurance Company (Commercial Union), the workers' compensation insurer of Mr. Trelles, had refused to pay $625.00 in medical bills incurred from the work-related injury.
Subsequently, Ms. Howard settled her claim for payment of medical bills with Commercial Union. On November 18, 1991, the hearing officer signed an order, pursuant to a joint motion of dismissal, granting a dismissal with prejudice of Ms. Howard's claim for payment of medical bills. However, in the order, Ms. Howard expressly reserved her right to make a claim for any indemnity benefits or medical expenses which might be due in the future under the Louisiana Workers' Compensation Act as a result of the accident suffered on April 30, 1990.
On March 16, 1993, Ms. Howard stopped working. On November 3, 1993, Ms. Howard filed a second claim with the Office of Workers' Compensation against Mr. Trelles and Crawford and Company, as the workers' compensation insurer.[2] In the second claim, Ms. Howard alleged that she had become totally disabled due to her April 30, 1990, work-related injury, and she could no longer work. Ms. Howard further alleged that she needed back surgery. In this claim, Ms. Howard sought medical benefits and compensation benefits.
On January 5, 1994, Mr. Trelles filed an answer in response to plaintiff's second claim for compensation. Shortly thereafter, Mr. Trelles filed a peremptory exception pleading the objection of prescription, alleging that Ms. Howard's claim for workers' compensation had prescribed. A hearing on the peremptory exception of prescription was held on April 4, 1994. After the hearing, judgment was rendered, denying the exception of prescription. The hearing officer found that the claim for medical benefits filed on April 27, 1991,[3] and dismissed on November 18, 1994, interrupted prescription as to all benefits. Trial on the merits was scheduled for May 23, 1994. However, the minute entries reflect that the trial was canceled, and the parties submitted the case on the evidence before the court. On July 13, 1994, the hearing officer rendered a judgment awarding Ms. Howard permanent total disability benefits from March 16, 1993, at a rate of $276.92 per week. A judgment on the claim for medical benefits was not rendered. In written reasons, the hearing officer noted that Mr. Trelles agreed to pay for Ms. Howard's surgery and future medical treatment. Mr. Trelles now appeals.

DISCUSSION
In his single assignment of error, Mr. Trelles contends that the hearing officer erred in denying his exception pleading the objection of prescription both prior to and following the trial on the merits. Mr. Trelles argues that Ms. Howard's compensation claim prescribed for failure to file the claim within two years from the date of the accident pursuant to LSA-R.S. 23:1209A.
LSA-R.S. 23:1209A provides as follows:
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments *607 to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
Thus, under LSA-R.S. 23:1209A, claims are barred unless filed (1) within one year from the date of the accident; (2) one year from the last compensation payment for total disability or three years from the last payment for partial disability; or (3) one year from the time the injury develops if not immediately manifested, but no more than two years after the accident. We shall refer to this latter two year period as the period for bringing an action for a "developing disability". Baker v. Conagra Broiler Company, 93-1230, p. 3-4 (La.App. 3rd Cir. 5/4/94); 640 So.2d 494, 496, writ denied, 94-1435 (La. 9/23/94); 642 So.2d 1289. Prescription statutes are to be construed in favor of maintaining rather than barring actions. Taylor v. Liberty Mutual Insurance Company, 579 So.2d 443 (La.1991).
A party pleading prescription generally has the burden of proving it. However, when a suit has prescribed on its face, the claimant has the burden of proving that prescription was interrupted in some manner. Tudury v. Shoney's Inc., 603 So.2d 228 (La. App. 4th Cir.), writ denied, 607 So.2d 569 (La.1992).
In this case, the applicable prescriptive period for Ms. Howard's claim of a developing disability is within one year from the time the injury develops if not immediately manifested, but no more than two years after the accident.
The record reflects that Ms. Howard suffered a work-related injury on April 30, 1990. On April 30, 1991, Ms. Howard filed a claim for medical benefits associated with the alleged work-related injury. Due to a settlement, this claim was jointly dismissed with prejudice on November 18, 1991, with Ms. Howard reserving her right to seek future indemnity and medical benefits. Ms. Howard continued to work throughout the above incident. However, due to the work-related injury, Ms. Howard allegedly became totally disabled and stopped working on March 16, 1993. On November 3, 1993, Ms. Howard filed a second claim for medical benefits and, for the first time, asserted a claim for compensation benefits.
Although Ms. Howard's second claim was timely filed (November 3, 1993) within one year from the time her work-related injury developed into a disability, such that she was no longer able to work (March 16, 1993), Ms. Howard's claim must still be filed within two years from the date of the accident. See Sevin v. Schwegmann Giant Supermarkets, Inc., 94-1859 (La. 4/10/95); 652 So.2d 1323. Since Ms. Howard's claim was filed more than three years after the work-related injury, Ms. Howard has the burden of showing that prescription was interrupted in some manner.
Ms. Howard contends that the timely filing of her original claim for medical benefits interrupted prescription as to her subsequent claim for compensation benefits.[4] On the other hand, Mr. Trelles contends that prescription *608 was not interrupted because joint dismissal of the original claim constitutes a voluntary dismissal, such that the original claim is considered to have never occurred.
Filing suit within the prescriptive period interrupts prescription. LSA-C.C. art. 3462. Once a suit interrupts prescription, that interruption continues during the pendency of the suit. LSA-C.C. art. 3463. Prescription begins to run anew from the last day of the interruption. LSA-C.C. art. 3466. However, interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at trial. LSA-C.C. art. 3463.
However, Louisiana courts have held that article 3463 does not negate the interruption of prescription when the plaintiff voluntarily dismisses his case after a general appearance by defendant. See Bradley v. Louisiana Department of Transportation and Development, 613 So.2d 771 (La.App. 4th Cir.1993); see also Provident Life and Accident Insurance Company v. Turner, 582 So.2d 250 (La. App. 1st Cir.1991); Hebert v. Cournoyer Oldsmobile-Cadillac GMC, Inc., 419 So.2d 878 (La.1982).[5]
The evidence reflects that Mr. Trelles filed an answer to the original claim, denying Ms. Howard's allegations. Filing of an answer constitutes a general appearance. LSA-C.C.P. art. 7. Therefore, the joint order of dismissal does not negate the interruption of prescription.
Mr. Trelles also contends that the original claim was dismissed with prejudice, and a dismissal with prejudice has the effect of a thing adjudged against those who compromise and settle. Mr. Trelles further contends that the dismissal with prejudice has the effect of a final judgment of absolute dismissal after trial. We agree that a dismissal with prejudice has the effect of a final judgment of absolute dismissal after trial; however, we recognize that this general rule has an exception. When plaintiff's right to pursue other claims arising out of the same cause of action is reserved to her in the transaction or judgment, then the judgment is not final as to the reserved claims. Shaw v. Scott, 585 So.2d 623, 626 (La.App. 2nd Cir.1991); See Honeycutt v. Town of Boyce, 341 So.2d 327 (La.1976).
A review of the order of dismissal reveals that Ms. Howard expressly reserved her right to make a claim for any indemnity benefits or medical expenses which might be due in the future under the Louisiana Workers' Compensation Act as a result of the accident suffered on April 30, 1990. Thus, Ms. Howard's subsequent claims are not barred.
We conclude that Ms. Howard's filing of her original claim interrupted prescription, and prescription began to run anew from the date of dismissal which was November 18, 1991. Thus, the second claim, filed on November 3, 1993, was certainly filed before the two year prescriptive period ended on November 18, 1993. Therefore, prescription has not run on Ms. Howard's claim for compensation benefits.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the hearing officer. Costs of this appeal are assessed to Mac Trelles, Jr.
AFFIRMED.
NOTES
[1] Judge Hillary Crain, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The record indicates that Crawford and Company was the adjusting agent for Commercial Union.
[3] A review of the evidence reveals that this claim was filed on April 30, 1991.
[4] We are mindful of the legal principle that the payment of medical benefits does not interrupt the running of prescription for compensation benefits. In the case sub judice, Ms. Howard is not arguing that the medical payments interrupted prescription but that prescription was interrupted by her timely filed form 1008. Thus, this legal principle is not dispositive of the issue in this case. See Baker v. Conagra Broiler Company, 93-1230 (La.App. 3rd Cir. 5/4/94); 640 So.2d 494, writ denied, 94-1435 (La. 9/23/94); 642 So.2d 1289. But see Lynn v. Berg Mechanical, Inc., 582 So.2d 902 (La.App. 2nd Cir.1991).
[5] In Hebert, the court stated that after a defendant's general appearance, the trial court is vested with the discretion to dismiss the suit with prejudice. See LSA-C.C. art. 1671. The court went on to state that only before the defendant's general appearance does the plaintiff have the unqualified right of voluntary dismissal. Hebert v. Cournoyer Oldsmobile-Cadillac GMC, Inc., 419 So.2d at 880-81.