# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 03-1255


PAMELA T. MELANCON

VERSUS

MEADOW BROOK REHAB


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 03-00785
SAM L. LOWERY, WORKERS COMPENSATION JUDGE

**********

### MARC T. AMY
### JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.

### WRIT GRANTED AND MADE PEREMPTORY.


Edward J. Milligan , Jr.
Post Office Box 90282
Lafayette, LA   70509
(337) 237-6491
COUNSEL FOR PLAINTIFF/RESPONDENT:
    Pamela T. Melancon

Bradley J. Gadel
Percy, Smith, Foote & Gadel
Post Office Box 1632
Alexandria,   LA 71309-1632
(318) 445-4480
COUNSEL FOR DEFENDANT/APPLICANT:
    Health South Rehabilitation

AMY, Judge.

In this workers' compensation matter, the employer seeks supervisory writs from a ruling of the Office of Workers' Compensation, District 4, Parish of Lafayette, denying its peremptory exception of prescription. We granted the writ for the purpose of calling up the case for full briefing, argument, and an opinion.

**Factual and Procedural Background**

Pamela Melancon, a registered nurse and the claimant herein, was hired by Health South Rehabilitation in January 1999.[1] The record of the proceedings below indicates that on June 2, 2000, the date of the accident at issue, she was assigned to work at an area hospital.[2] While on duty, she and other nurses responded to a patient who had fallen. Ms. Melancon recalled that this particular patient was tall and heavy; as such, the efforts of several people were needed to lift the transfer board and to return the patient to her bed. After Ms. Melancon began to hold part of the transfer board, the nurse to her left dropped his part of the board. Ms. Melancon stated that she immediately tried to pick it up because she did not want the patient to fall off and hit her head. In so doing, she smashed a finger and experienced severe pain in her neck, left shoulder, and the left part of her body due to the "excessive weight." Health South concedes that Ms. Melancon was injured in the course and scope of her employment.

After the accident, Ms. Melancon sought treatment from an orthopedist, a pain management specialist, and a physical therapist. The record indicates that surgery was performed on her left shoulder-collar bone area and that she remained in pain-

---

[1]The record indicates that Health South was acquired by Meadow Brook Rehabilitation. The claimant amended her petition to reflect the change in ownership; however, throughout the proceedings, the employer has retained the designation "Health South." Accordingly, we shall refer to it herein as "Health South."

[2]The facts herein are largely undisputed. The claimant's deposition, which was entered into evidence at the hearing on the exception of prescription, forms the basis for this factual recitation.

management therapy as of the date of her deposition. Ms. Melancon noted that her condition improved with physical therapy, but her workers' compensation insurance denied treatment before her course of therapy was completed. She further indicated that she still experienced pain on her left side that kept her from performing the heavy-lifting activities required of nurses. Ms. Melancon continued to work for Health South until August 2001, when she resigned and went to work for Advantage Nursing Service.

Ms. Melancon filed the instant disputed claim on January 30, 2003, seeking a determination as to her disability status and her entitlement to vocational rehabilitation. In addition, she requested supplemental earnings benefits, penalties, and attorney's fees. Health South answered and filed a peremptory exception of prescription, arguing that Ms. Melancon's claim for supplemental earnings benefits, filed more than two years after her work-related accident, was time-barred.

A hearing was held on the exception of prescription on August 12, 2003. The workers' compensation judge denied the exception, reasoning that *Howard v. Trelles*, 95-227 (La.App. 1 Cir. 2/23/96), 669 So.2d 605, *writ denied*, 96-712 (La. 5/3/96), 672 So.2d 90,[3] the sole case cited by the parties in their respective arguments, tended to support the claimant's position. Health South applied to this court for supervisory writs, challenging the workers' compensation judge's ruling.

**Discussion**

Health South asserts that the workers' compensation judge erred in denying its exception of prescription with respect to Ms. Melancon's claim for workers' compensation indemnity benefits. It points out that Ms. Melancon was injured on

---

[3]*Howard* will be discussed later in this opinion.

June 2, 2000, yet she did not seek supplemental earnings benefits until the instant disputed-claim form was filed on January 30, 2003. Health South admits that although it has paid Ms. Melancon's related medical expenses from the date of the accident through the present, it maintains that it has not paid any benefits that could be considered indemnity benefits as defined by statute.[4]

Health South insists that Ms. Melancon had one year from the date of the accident to file her claim for indemnity benefits because none of the exceptions to the one-year rule, outlined in La.R.S. 23:1209,[5] are applicable. Health South observes

---

[4] Specifically, La.R.S. 23:1221(1), (2), (3), and (4), which provide a schedule for payment of temporary total disability benefits, permanent total disability benefits, supplemental earnings benefits, and permanent partial disability benefits, respectively.

[5]Louisiana Revised Statutes 23:1209 provides as follows:
        A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
        B. Any claim may be filed with the director, office of workers' compensation, by delivery or by mail addressed to the office of workers' compensation. The filing of such claims shall be deemed timely when the claim is mailed on or before the prescription date of the claim. If the claim is received by mail on the first legal day following the expiration of the due date, there shall be a rebuttable presumption that the claim was timely filed. In all cases where the presumption does not apply, the timeliness of the mailing shall be shown only by an official United States postmark or by official receipt or certificate from the United States Postal Service made at the time of mailing which indicates the date thereof.
        C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
        D. When a petition for compensation has been initiated as provided in Section 1310.3, unless the claimant shall in good faith request a hearing and final determination thereon within five years from the date the petition is initiated, same

that the employer's notification of injury, Form 1007, was filed on June 7, 2000, five days after the accident. As such, it argues, the injury was readily apparent and would not qualify for the two-year prescriptive period for delayed-onset injuries. In addition, it points out that the exception in which the prescription period is extended to three years after the date of the last indemnity payment is inapplicable herein because no indemnity payments were ever made. Health South contends, citing *Richardson v. Tyson Foods*, 01-427 (La.App. 3 Cir. 10/3/01), 796 So.2d 827, that because Ms. Melancon's claim has prescribed on its face, the burden of proof has shifted to her to show that prescription was interrupted or suspended. It argues that Ms. Melancon did not meet this burden of proof and that her claims for indemnity benefits have prescribed.

In support of her contention that her request for supplemental earnings benefits was timely, Ms. Melancon maintains that a disputed-claim form filed on her behalf on March 18, 2002,[6] interrupted prescription, citing *Howard v. Trelles*, 95-227 (La.App. 1 Cir. 2/23/96), 669 So.2d 605, *writ denied*, 96-712 (La. 5/3/96), 672 So.2d 90. In *Howard*, an employee timely filed suit against her employer for payment of medical expenses related to an at-work accident. The matter was settled, and the presiding workers' compensation judge signed an order in which he granted the parties' joint motion to dismiss, dismissing the suit with prejudice. Nevertheless, according to the terms of the settlement as reflected in the order of dismissal, the employee reserved

---

shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the office for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder.

[6]This dispute was resolved and was dismissed without prejudice by the Office of Workers' Compensation on October 1, 2002.

the right to file future claims pertaining to medical expenses or indemnity benefits. Nearly two years after the order of dismissal, the employee sued for medical expenses and indemnity benefits. The employer filed an exception of prescription, which was denied by the workers' compensation judge on the grounds that the prior suit interrupted prescription as to all workers' compensation benefits. The first circuit held that the employee's claims had not prescribed due to the reservation of rights in conjunction with the settlement of the first claim, and additionally because the second claim, which the court viewed as pertaining to a delayed-onset disability, was filed within two years of the dismissal of the first claim.

Relying on *Howard*, Ms. Melancon argues that the March 18, 2002 claim was timely filed, and, as a result, it interrupted prescription as to any claim for indemnity benefits. She maintains that prescription began to run anew on October 1, 2002, when the first claim was dismissed, and that therefore, prescription as to claims for any indemnity benefits would have run on September 30, 2003. She further argues that because the instant disputed claim was filed on January 30, 2003, it was timely.

In response to Ms. Melancon's claims that prescription was interrupted, Health South argues that the prescriptive period as to medical benefits is separate from the prescriptive period for indemnity benefits. It points out that the subject of the March 18, 2002, disputed claim was the alleged termination of her physical therapy and that no mention was made of indemnity benefits. As such, it argues, prescription might have been interrupted as to medical benefits only. Health South points out that the prior disputed claim was filed more than a year after her injury and that even if prescription had been interrupted, it would have been without effect because this prior claim was untimely with respect to indemnity benefits.

5

We find that the applicable prescriptive period for Ms. Melancon's claim for indemnity benefits was one year from the date of her accident. The record reflects that her injury was not latent; as such, the two-year prescription period of La.R.S. 23:1209(A) is not applicable. The record further reflects, and the parties have stipulated, that Ms. Melancon did not receive any indemnity benefits that would trigger the application of the three-year prescriptive period of La.R.S. 23:1209(A). Accordingly, Ms. Melancon had one year from the date of her accident to request indemnity benefits, including supplemental earnings benefits.

The disputed-claim form filed on May 18, 2002, neither interrupted nor suspended prescription. The claim for medical benefits, filed nearly two years after the date of the accident, was timely. However, this claim was not timely for purposes of interrupting prescription as to claims for indemnity benefits. Because La.R.S. 23:1209 establishes different prescriptive periods for different types of workers' compensation benefits, it can be inferred that interrupting prescription as to only one type of claim would not interrupt prescription as to every potential claim that an employee might make. If this were so, each type of benefit would have the same prescriptive period; however, they do not.

The claimant relies upon the first circuit's opinion in *Howard*, discussed above, in support of her argument that her claim has not prescribed. We do not find *Howard* to be persuasive in this case. There is a key distinction between the facts of that case and those of the instant matter: here, unlike the claimant in *Howard*, Ms. Melancon did not expressly reserve any rights to make future claims as to indemnity benefits after her claim for medical benefits was dismissed. Instead, Ms. Melancon did not mention indemnity benefits until nearly two and a half years after her accident. This is clearly outside the one-year time limit outlined for such claims in La.R.S.

6

23:1209(A). Accordingly, the workers' compensation judge erred in denying Health South's peremptory exception of prescription as to Ms. Melancon's claim for indemnity benefits.

## DECREE

For the foregoing reasons, we grant the writ, maintain Health South's exception of prescription, and dismiss, with prejudice, Pamela Melancon's claims against Health South pertaining to workers' compensation indemnity benefits. All costs of this proceeding are assigned to Pamela Melancon.

**WRIT GRANTED AND MADE PEREMPTORY.**