991 So.2d 556 (2008)
Raymond WOODS
v.
UNIVERSITY OF NEW ORLEANS.
No. 2008-CA-0135.
Court of Appeal of Louisiana, Fourth Circuit.
August 6, 2008.
Francesco J. Guastella, Frischhertz & Associates, New Orleans, Louisiana, for Plaintiff/Appellant.
James D. "Buddy" Caldwell, Attorney General State of Louisiana, Sharry R. Scott, Assistant Attorney General State of Louisiana, Louisiana Department of Justice, New Orleans, Louisiana, for Defendant/Appellee.
(Court composed of Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE).
JAMES F. MCKAY III, Judge.
The plaintiff, Raymond Woods, was employed by the University of New Orleans (UNO) as the director of aquatics and a swimming coach from 1983 until he *557 retired in 2000. On April 9, 1998, Mr. Woods was injured in the course and scope of his employment while he was moving one hundred pound drums of chlorine. Mr. Woods did not seek treatment for the injury immediately after the accident. About a week later, Mr. Woods notified his supervisor and began seeking medical treatment. Mr. Woods filed his Employers Report of Occupational Injury or Disease (Form 1007) with his employer on June 1, 1998. Mr. Woods did not seek disability status and/or indemnity benefits (SEB) at that time. UNO began paying Mr. Woods's medical bills in December of 1998 and continued to pay them through at least November 16, 2006.
On December 4, 2002, Mr. Woods filed a disputed claim form (Form 1008). Trial was held on February 27, 2007. At the close of the trial, the judge ordered counsel to produce post-trial memoranda. Prior to submitting a post-trial memorandum, UNO filed a peremptory exception of prescription on March 2, 2007. The trial court denied UNO's exception that same day. Thereafter, Mr. Woods and UNO both submitted post-trial memoranda on or about March 20, 2007; UNO re-urged its exception of prescription in its memorandum. Thereafter, the trial court amended its previous order denying the exception and set a status conference for June 29, 2007. A formal hearing on the exception was held on September 26, 2007 wherein Mr. Woods was provided an opportunity to introduce evidence opposing the exception. However, Mr. Woods did not introduce any evidence at this hearing. On October 3, 2007, the trial court granted UNO's exception of prescription. It is from this judgment that Mr. Woods now appeals.
On appeal, Mr. Woods raises the following assignments of error: 1) did the trial court err in originally denying defendant's exception of prescription filed at the close of the trial, and then subsequently, on its own motion, set an exception hearing and grant defendant's exception of prescription; and 2) did the trial court err in finding that claimant's claim had prescribed.
Louisiana Code of Civil Procedure Article 928(B) governs peremptory exceptions. According to that article, a peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to submission of the case for a decision. When read in conjunction with Louisiana Code of Civil Procedure Article 929(B), if a peremptory exception is pleaded after the trial of the case, the court may rule thereon at any time unless the party against whom it has been pleaded desires and is entitled to introduce evidence thereon. In the instant case, UNO filed its peremptory exception of prescription on March 2, 2007 and re-urged its exception in its post-trial memorandum on March 20, 2007. A formal hearing was held on September 26, 2007, wherein Mr. Woods was provided an opportunity to introduce evidence opposing the exception. Mr. Woods did not have any additional information or new evidence to introduce at the hearing and in fact, no evidence was introduced. The trial court did not err in its handling of the defendant's exception; the exception was formally pleaded by the defendant and although it was pleaded after trial, the plaintiff was given the opportunity to introduce evidence at a hearing on the motion. Accordingly, Mr. Woods's first assignment of error is without merit.
La. R.S. 23:1209(A) governs prescription in worker's compensation claims. Mr. Woods only had three viable options to circumvent prescription under La. R.S. 23:1209. The first would require Mr. Woods to have filed his disputed claim for compensation (Form 1008) within one year of his accident. Mr. Woods did not file a *558 Form 1008 until December 4, 2002, more than four years after his accident, and as such his claim for indemnity benefits has prescribed.
The second way to circumvent and/or prolong prescription is where indemnity benefits are paid. If indemnity benefits had been paid, Mr. Woods would have had one year to file a Form 1008 from the date of the last indemnity payment made or three years from the date of the last disability payment to file a Form 1008. No indemnity or disability payment were ever agreed upon or paid, so this portion of La. R.S. 23:1209 does not apply under the circumstances of this case. Although UNO paid Mr. Woods's medical bills from December of 1998 through November of 2006, it has been held that prescription as to medical benefits does not interrupt prescription as to every other claim an employee might assert. Melancon v. Meadow Brook Rehab., XXXX-XXXX (La.App. 3 Cir. 4/7/04), 869 So.2d 989.
The third and final manner in which Mr. Woods could have avoided prescription was to have a delayed onset of injuries. The statute allows for a one year delay in the prescriptive period when the proceedings (Form 1008) have begun after two years from the date of the accident. Mr. Woods was injured in an accident that occurred on April 9, 1998, but did not begin proceedings or file a Form 1008 until December 2, 2002. This is well over two years from the date of Mr. Wood's injury. Based on La. R.S. 23:1209(A), it is clear that Mr. Woods's claim has prescribed. Accordingly, we find no error in the trial court's judgment.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.